OLIVER S. PHILBRICK *vs.* INHABITANTS OF PITTSTON.

*Traveller—who is, within the meaning of R. S., c. 18, §§ 40 and 65.*

One who received an injury while crossing planking placed over a gutter within the located limits of a public street, but outside of the wrought portion thereof—put there to facilitate access to and from the street and a private way or court—is not a traveller upon said street within the meaning of R. S., c. 18, §§ 40 and 65, so as to entitle him to maintain an action against the town liable to keep it in repair.

ON REPORT.

CASE, to recover for injuries sustained by the plaintiff upon Windsor street in Pittston, a way which that town was bound to keep in repair, but which the declaration alleged to be defective and that the plaintiff suffered an injury, while lawfully and carefully travelling over and along said street, by reason of such defect. After the plaintiff rested his case, the presiding justice directed the entry of a nonsuit, which is to be taken off if the jury would be authorized to find a verdict for the plaintiff upon the evidence, of which a summary is given in the opinion.

*E. F. Pillsbury,* for the plaintiff.

*L. Clay,* for the defendants.

BARROWS, J. The testimony offered by the plaintiff may be considered as proving that at a certain place on Windsor street, in the village of Pittston, where the travelled part of the street is turnpiked, there has been for a number of years (ten or more) a plank covering to what may be called the gutter, which piece of planking is some twelve feet north of the south line of the street as located, and from three to six feet south of the travelled part of it. It does not appear who placed it there, or that the town authorities prior to the occurrence of the accident had ever made any repairs upon it except to clear out the watercourse beneath it.

It was used to give access to a private way or court which led to three or four houses standing south of Windsor street, the access from the plaintiff's house to Windsor street was not over these planks, but the nearest way from his garden to go down the street was to go into this private way, or court, and thence across these planks into the public street. There were three or four planks about twenty-four feet in length. A week before the accident a neighbor's horse had broken one of them five or six feet from the end and it dropped into the gutter which was then about a foot in depth and dry. The plaintiff knew the plank was broken and at first designed to replace it by a plank of his own. Not finding his plank where he thought it was, he merely readjusted the broken ends so that no defect was apparent, proposing to see the highway surveyor.

Thus it seems to have remained until the morning of the accident when the plaintiff, having occasion to go down the street from his garden with a basket in his hand, went out through the private way and, as he approached the planking, was hailed by a neighbor across the street, and while walking on and talking with him, unfortunately stepped upon the broken plank so near the fracture that it gave way under his weight and he fell on one knee receiving bodily injury. At some time subsequent to this a new plank was put in by the highway surveyor.

The plaintiff claims that he is entitled to be considered a traveller on Windsor street, and that his injury was in consequence of a defect therein.

If towns were legally responsible for injuries received by persons going to and from the highways over the crazy and neglected platforms that lead across the gutters to their own or their neighbor's premises because those structures have been suffered to exist within the located limits of the highway it would be likely to add a somewhat important item to their liabilities.

But such is not the law. It is no part of the duty of towns to provide a safe and convenient access to any man's house lot or garden in a country village from the street, and when a man avails

himself of such conveniences as the abutters have seen fit to furnish in order to pass to or from the wrought and travelled part of the street, he cannot be accounted a traveller for whose security the town is bound to make the way safe and convenient.

There is nothing in the testimony to indicate that the locality is one where the safety and convenience of travellers require the whole width of the street to be wrought. The plaintiff lived in the immediate vicinity and knew all the facts, and the accident occurred in the daytime. Hence the cases where claims for damages have been sustained, on the ground that the town permitted the existence of a nusiance or trap in the highway dangerous to those who were in the legitimate use thereof as travellers, are inapplicable. The plaintiff relies upon the case of *Hall* v. *Unity*, 57 Maine, 530, where the claim was to recover for an injury received by reason of a defect in a path leading out of the regular course of travel to a watering trough erected by an individual under the sanction of the statute within the limits of the highway.

But a glance at the remarks on page 540, touching side paths made by individuals for private use leading from the main road to their dwellings or fields will demonstrate that those members of the court who held views respecting the duty of towns most favorable to the plaintiff distinguished between paths calculated to invite the traveller to deviate for a lawful purpose connected with his journey, and those which he may use to leave the highway if he so desires.

The plaintiff's allegations that he was travelling on Windsor street and received his injury in consequence of a defect therein are not sustained by the proof. He had not reached that part of the street which was appropriated to public travel or prepared by the town for that purpose.

We repeat, as directly applicable to the present case, a remark heretofore made in considering a case of injury received by reason of a defect outside of the wrought or travelled part of the street. "It is well settled that even though there be a defect or obstruction within the limits of the highway as located, if it is not in the

travelled part of the road nor so connected with it as to affect the safety or convenience of those using the travelled path, the town is not responsible for an injury sustained by one using the road for the purpose of passing to or from a private way or his own land." This point has been more recently discussed in *Leslie* v. *Lewiston*, 62 Maine, 468; *Morgan* v. *Hallowell*, 57 Maine, 376. The testimony does not show any such action on the part of the road surveyor as comes within the prohibition contained in R. S., c. 18, § 52.

It is unnecessary to determine whether the jury would have been authorized to find that the plaintiff was in the exercise of ordinary care. He was not a traveller upon Windsor street within the purview of the statute.      *Nonsuit to stand.*

APPLETON, C. J., CUTTING, DICKERSON, DANFORTH and VIRGIN, JJ., concurred.