ALONZO BROWN *vs.* INHABITANTS OF SKOWHEGAN.

Somerset.   Opinion January 20, 1890.

*Way.   Defect.   Ditch.   Traveller.   R. S., c. 18, § 52.*

Towns are not required to render the road passable for the entire width of the whole located limits, or to provide safe and convenient access to them from the premises of adjoining proprietors.

Along the side of the travelled part of a highway and within the limits of its location was an open ditch made for drainage of the road.   The plaintiff in passing from a school house to the road, in the darkness, fell into this ditch and was injured.   *Held,* that he had not become a traveller upon the road and the town was not liable for the injury.

ON EXCEPTIONS.

This was an action to recover damages suffered by a defective road.   The case was submitted to the court, with right of exceptions.   The presiding justice ruled that the action was not maintainable, and the plaintiff excepted.

The facts are stated in the opinion.

*Crosby and Crosby,* for plaintiff.

The ditch, under the circumstances, was a defect.   It is a question for the jury whether the obstructions are of such a nature as to affect the safety and convenience of travellers.   *Bryant* v. *Biddeford,* 39 Maine, 193, in which the court say: "A width, which under some circumstances would meet all the exigencies of the public, might under a change of circumstances be entirely insufficient for that purpose."   *Morse* v. *Belfast,* 77 Maine, 46; *Dickey* v. *Maine Tel. Co.,* 46 Id. 485.   School house lot is not a private lot, within the principle of *Philbrick* v. *Pittston,* 63 Maine, 477.   It is not reasonable that there should be only a small narrow passage way on the north end giving access to the school house. A ditch 18 inches deep, extending nearly the whole length of the lot, is not a proper path for ingress and egress for all classes of persons reasonably resorting there.

The town should be required to make the whole six rods on

the school house side smooth, have the ditch covered, and let the water run underneath.

Brown was a traveller as soon as he stepped into the limits of the highway. The case is not that of a private house, but a place of public resort.

D. D. Stewart, for defendants.

1. The plaintiff offered no record evidence of the location of the alleged road, either by the county or town authorities. A highway by user is all that he can claim, or attempt to prove. In such case, the rights of the public are limited to the user. The evidence shows that the highway described in the writ as travelled near the Haskell Corner school house, was about 15 to 18 feet wide, smooth and level within the travelled or used part, and perfectly safe for all persons travelling in it.

The alleged ditch is wholly outside of the public user, and could not therefore constitute a defect in the highway as travelled.

2. If the plaintiff had offered record evidence that the highway had been laid out three and a half or four rods wide, and that the ditch was within the limits of the three and a half or four rods, still it is familiar law that no town is obliged to keep in repair the whole width of the road as laid out, but only enough for the public travel on such road, and is not liable for defects outside of the travelled part. Dickey v. Maine Telegraph Co., 46 Maine, 483; Kellogg v. Northampton, 4 Gray, 65, 69; Weare v. Fitchburg, 110 Mass. 337; Howard v. Bridgewater, 16 Pick. 189, 190.

In the present case the travelled part of the road is shown by the plaintiff's evidence to be 15 to 18 feet wide, and in perfect condition; and the alleged ditch, being four feet at least to the east of the travelled part of the road, could not be defect in the road. Perkins v. Fayette, 68 Maine, 152-3-4.

3. But a ditch is a necessary part of a well constructed road. "On each side of the way," said Chapman, C. J., in delivering the opinion of the court in Macomber v. Taunton, 100 Mass. 256, "there may be ditches. These are so necessary for the proper drainage of the carriage-way that they are held not to be defects,

if properly constructed, though travellers may be liable to fall into them in the dark."

There is no suggestion and no proof that the ditch was not properly constructed, in the present case; the ground of complaint here, is, that it is constructed at all. Its mere existence on the side of the road is claimed to be a defect in the road, although four feet at least from the travelled part of the road, and that travelled part of ample width and smoothness, and perfectly safe.

The plaintiff says it was in the evening and dark, and he could not see the ditch.

"Towns and cities are not required to furnish lights for the use of persons who travel in the dark." *Macomber* v. *Taunton*, 100 Mass. 257.

4. The plaintiff admits that he travelled along the road several times in the day time by this ditch, and travelled over it the same evening of the accident, and about two hours previously, in going to the school house.

Why should he not be held to have knowledge of the alleged defect,—the existence of the ditch? And so comes within the provisions of the statute. R. S., c. 18, § 80.

5. The plaintiff was not a traveller. True, he alleges in his writ that, "while plaintiff was walking along said highway "he walked into said ditch; but the evidence not only fails to sustain this allegation, but negatives it. The plaintiff himself testifies that he taught singing school in the evening in a school house, and when his school closed, a little after nine o'clock, he started to go towards the highway from the school house, and walked 55 feet on the school house lot before he came to the edge of the ditch on the east side of the road; that it being dark, he fell into the ditch in trying to get into the road, and sustained the injuries complained of,—thus negativing his allegation that "he was walking along said highway," which is the only ground upon which he could maintain any action against the town,—and showing that he was trying to get into the road, but had not succeeded.

"We have been referred to no case, "said DANFORTH, J., in delivering the opinion of the court in *Leslie* v. *Lewiston*, 62 Maine,

471, "where any person having voluntarily turned from the travelled path, or not having reached the wrought part, and suffering damages by a defect within the located limits of the road, has been allowed to recover of the town."

Same doctrine is reaffirmed by this court in *Blake* v. *Newfield*, 68 Maine, 365, 367; *Perkins* v. *Fayette*, 68 Maine, 154.

EMERY, J. The plaintiff was engaged in teaching an evening singing school in a district school house in the defendant town. The school house lot adjoined the highway for some six rods. The travelled part of this highway past the school house, was some eighteen feet wide, and free from defects. The wrought part between the ditches was twenty-seven feet wide and the evidence discloses no defect in all that width. Within the limits of the located highway, along that side of the wrought part toward the school house, was a ditch about eighteen inches deep, and extending past the school house lot. This ditch had been made and was kept open for the drainage of the wrought part of the road. Near one end of the school house lot, large rocks were in the ditch, forming a crossing which the scholars used, but the rest of the ditch was open and exposed.

One night the plaintiff returning from his work, in passing in the darkness from the school house to the street, fell into this ditch and was injured. He claims that the street was defective by reason of this open ditch, and that he is entitled to recover of the town under the statute. He contends that, whatever may be the rule as to ditches passing private buildings, all ditches passing public buildings should be covered, or so guarded, that the public passing from such buildings to the travelled part of the road, need not fall into them.

We do not find any such duty imposed upon towns by the statute, and if not imposed by statute it is not imposed at all. By the statute (R. S., c. 18, § 52,) "Highways, &c., shall be opened and kept in repair, so as to be safe and convenient for travellers. * * *" The statute, being somewhat of a penal nature, is not to be extended by construction. It has always been construed strictly. The court assumes that the legislature has expressed in terms all the duties it meant to impose. It has

been held that the town need not open and keep in repair the entire width of the way,—that it sufficiently complies with the statute, if it constructs and keeps in repair a smooth free roadway of sufficient width for teams to pass along, and by one another without obstruction,—and that it is not liable to a traveller injured by his wagon striking a rock within the limits of the highway, but outside of the part purposely fitted for travel. *Perkins* v. *Fayette*, 68 Maine, 152.

We think it would be an unwarrantable extension of the statute, to hold that towns must provide safe ingress and egress to and from the roads they make. The statute does not say they must, and we see no reason why they should. Owners or occupants of buildings and lots cannot well keep the public streets in repair, but each abutter can take care of his own approaches, and it is reasonable that he alone should be responsible for them. His right to connect his premises with the travelled part of the public road, by means of suitable roads and crossings will not be questioned, and it may reasonably be left to him to determine the location and character of such approaches, if any. It was held in *Philbrick* v. *Pittston*, 63 Maine, 477, in a well considered opinion, that a person injured by a hole in a plank—crossing over a gutter within the limits of the highway, while passing from a private way into the public way, could not recover of the town for injuries thus received. The plaintiff in that case was within the limits of the street, and was crossing the ditch on his way to the part prepared for travellers, but had not reached it. It was declared in the opinion, that it is no part of duty of towns to provide safe and convenient access to their streets from any man's house lot or garden. See also *Leslie* v. *Lewiston*, 62 Maine, 468.

We think the principle thus declared, applies as well to school house and lots. The fact that these are in the nature of public buildings and places, cannot change the principle. Those charged with the care of such buildings and places, must care for the approaches. The fact that part of such approaches are within the limits of the location of the highway, does not put their care upon the town. Those frequenting such places must use the approaches

thus provided, or make their own way. They are not upon the risk. of the town, until they have reached that part of the road prepared for travellers and thus become travellers. The duty of the town is only to travellers upon its roads, not to those approaching or leaving its roads. The plaintiff must prove, as indeed he has alleged, that he was travelling upon the road. *Stinson* v. *Gardiner*, 42 Maine, 248; *McCarthy* v. *Portland,* 67 Maine, 167. As was said in *Philbrick* v. *Pittston, supra.* "He (at the time of the accident) had not reached that part of the street which was appropriated to public travel or prepared by the town for that purpose." Hence, he was not, when hurt, a traveller, and so cannot recover.

*Exceptions overruled.*
*Non-suit confirmed.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.