GOELTZ, Administrator, Appellant, vs. THE TOWN OF ASHLAND, Respondent.

*January 13 — January 28, 1890.*

*Municipal corporations: Highways: Death caused by defect outside of traveled track.*

At a point where a highway crossed a ravine from four to six feet deep, the town had built a wagon road or bridge twenty feet wide, guarded on both sides by substantial railings, and also a sidewalk properly guarded. The open space between the road and the walk was about twenty feet wide and from four to six feet below their level, and was not prepared or used for travel. In this space, about two feet from the line of the sidewalk, was a hole or well

Goeltz vs. The Town of Ashland.

which had been dug by some person not authorized by the town, and in which the water was about four feet deep. A boy five or six years old, while attempting to fill his rubber ball and get a drink at this hole, fell in and was drowned. *Held,* that his death was not caused by any negligence on the part of the town, even if its officers were chargeable with notice of the existence of the hole.

APPEAL from the Circuit Court for *Ashland* County.

The case is stated in the opinion. The plaintiff appeals from a judgment on the verdict in favor of the defendant.

*Geo. P. Rossman,* for the appellant.

For the respondent there was a brief by *Lamoreux & Gleason,* and oral argument by *E. F. Gleason.*

TAYLOR, J. This action was brought to recover damages for causing the death of Otto Goeltz, by the carelessness and negligence of the town of *Ashland.* The negligence alleged against the town is that it carelessly permitted an open hole to exist in one of its public streets, which was filled with water to the depth of six feet or thereabouts, and that said Otto Goeltz, while passing along said public street, stopped to fill a rubber ball and get a drink from the water in said hole or well, and in attempting to do so fell into the water and was drowned. There was no cover over this hole or well at the time of the accident. Otto was, at the time of his death, about five years and six months old.

On the trial in the circuit court, after hearing the evidence, the learned circuit judge directed a verdict for the defendant. It would seem, from the manner in which this case was argued in this court, that the learned circuit judge directed a verdict for the defendant on the ground that the deceased was, at the time of the accident which resulted in his death, playing in said street, and not using it for the purposes of travel. As, however, the bill of exceptions

does not disclose the reasons of the learned circuit judge for directing a verdict for the defendant, we must affirm the judgment, if, upon the whole evidence, the plaintiff has failed for any reason to make out a cause of action against the defendant.

The undisputed facts in the case are that the deceased was drowned at the time stated in the complaint, in a well or hole of water within the boundaries of Third street, which was then a public highway in said town, now the city, of *Ashland;* that the water in the hole was about four feet deep, and there was no cover over the hole; that the water came up to the surface of the ground; that the hole had been dug and boxed by a person not authorized to do so by the town, and, so far as is shown by direct evidence, its existence was unknown to any of the officers of the town up to the time of the accident; that the hole was in a ravine which crossed said Third street (the ravine being from four to six feet deep); that more than a year before the accident the town authorities had built a good, substantial wagon road or bridge across said ravine in or near the center of said street, twenty feet in width, and guarded on both sides by a substantial railing, and twenty feet from said wagon road, and on the north side of the street a substantial sidewalk of sufficient width, guarded by a substantial railing on each side of said sidewalk. This sidewalk and bridge, for more than a year before the accident, had been used by men and teams in traveling along this street. The twenty feet open space across the ravine between the bridge and sidewalk had not been used at all by persons passing said street, either with teams or on foot, as a traveled way. The space between the bridge and sidewalk, at the time of the accident, was covered with grass, no traveled track there, and the well or hole was in this open space between the sidewalk and bridge, about two feet from the sidewalk, but below the same from four to six feet. The

middle of the ravine was soft ground, and when there were rains the water ran along the bottom of it.

Upon this state of the evidence, if it be admitted that this water-hole or well had been there, uncovered, for such a length of time as to charge the officers of the town with notice of its existence, we think the plaintiff failed entirely in showing negligence on the part of the town. We think the evidence conclusively shows that the town had prepared and maintained the street, at the place of the accident, in a reasonably safe condition for travel thereon, and that is all the statute requires of the town. This court has repeatedly held that it is not the duty of a town to prepare and keep in repair a public highway to the whole width thereof. *Kelley v. Fond du Lac*, 31 Wis. 179, 186–7; *Hawes v. Fox Lake*, 33 Wis. 443, 444; *Matthews v. Baraboo*, 39 Wis. 677; *Prideaux v. Mineral Point*, 43 Wis. 523; *James v. Portage*, 48 Wis. 681; *Cartright v. Belmont*, 58 Wis. 373. All these cases hold the general rule that, when the town authorities prepare a sufficiently safe place for the public travel, "it is in general the duty of the traveler . . . to remain in the traveled track, or that part of the highway which to a reasonable width has been graded or prepared for that purpose. Hence, if without some sufficient reason for so doing, or for his own pleasure or convenience, he voluntarily deviates from the traveled track, which is in good condition, and in so doing meets with an accident for some cause outside of the traveled track, the town will not be responsible for any damage or injury which he may sustain." In the case at bar there is no dispute about the fact that a sufficient traveled track, both for teams and footmen, had been prepared by the town at the place in question, and that the boy, for his own amusement or other purpose, left such prepared traveled track and went upon a part of the highway not prepared in any way by the town officers for travel, and upon a part of the highway which was

not in any way used by the public as a highway, and while so off the traveled way he was drowned. Clearly, under the evidence, he was not drowned by reason of any lack of duty on the part of the town authorities in neglecting to keep such highway in a sufficient state of repair. The verdict for the defendant was properly directed, for the reason that no negligence on the part of the town was shown by the evidence.

We have considered this case as though the bill of exceptions contained all the evidence given on the trial, but in looking at the same we do not find that there is any certificate of the judge certifying the fact; but, as no objection was made by the counsel for the respondent upon that ground, we have decided the case upon the merits and as though all the evidence was in fact before us for review.

*By the Court.*— The judgment of the circuit court is affirmed.