# CHARLESTON.

## COBERLY v. GAINER *et al.*

Submitted March 2, 1910.     Decided November 7, 1911.

1. SCHOOLS AND SCHOOL DISTRICTS—*Contracts—Validity—Individual Liability of Officers.*

All three members of a board of education met outside of their school district on the 7th September, 1904, and signed their names, without giving their official designation, to a contract for "7 sets of THE NEW EDUCATION" to be furnished to the public schools of their district, agreeing to pay therefor by warrant to be drawn upon the sheriff, "and not to be presented until the fall of 1905." HELD:

I.   That said agreement was an attempt to create an obligation on the school district, payable out of the levy to be made for the fiscal year 1905, and was, therefore, in violation of sec. 45, ch. 45, Code of West Virginia (1899), the law then in force, and created no charge upon the public fund of the district.

II.   That said contract was made by the board of education in its official capacity, and, notwithstanding it was in excess of authority, the law then in force imposed no individual liability on account thereof.

III.   That said contract was not the personal agreement of the members of the board of education, and that they did not thereby bind themselves individually.   (p. 700).

2. OFFICERS—*Individual Liability.*

In the absence of a statute imposing individual liability upon a public officer for attempting to create a public debt in excess

69 W. Va.

of his authority, he cannot be held personally liable therefor, except upon his agreement.   (p. 702).

Error to Circuit Court, Randolph County.

Action by C. C. Coberly against S. W. Gainer and others. Judgment for defendants, and plaintiff brings error.

*Affirmed.*

*James Coberly* and *Cunningham & Stallings,* for plaintiff in error.

*Talbott & Hoover* and *E. A. Bowers,* for defendants in error.

WILLIAMS, PRESIDENT:

On the 7th of September, 1904, A. G. Keller, J. W. Courtney and S. W. Gainer, composing the board of education for New Interest District in Randolph county, purchased, by written contract, from James J. Ells, for the public schools of their district, seven sets of "The New Education", at the price of $262.50, payable by warrant upon the sheriff to be presented in the fall of 1905.

On the 26th of November, 1904, the board of education made an order directing said sum to be paid to the order of said James J. Ells out of the building fund to be levied for the year 1905.   Ells then assigned the order to C. C. Coberly, secretary of said board of education.

The order was not paid and, in April 1907, Coberly sued the members of the board of education before a justice of the peace, in their individual capacity, and recovered judgment.   Defendants appealed to the circuit court of Randolph county, and the case was tried by the court, in lieu of a jury, upon agreed facts, and on the 4th of March, 1909, the court rendered final judgment dismissing plaintiff's action, and plaintiff obtained this writ of error.

The contract is expressly made a charge upon a future levy, and in making it the board of education exceeded its authority, and plaintiff relies upon sections 3 and 4, chapter 16, Acts 1904, as fixing individual liability upon the members of the board of education.   But this statute did not take effect until the 9th of November, 1904, a little more than two months after the debt had been contracted, and, therefore, does not apply.   Section 45, chapter 45, Code 1899, is the only law, then in force, which

imposes personal liability on a board of education for creating
a public obligation when it has no fund with which to pay it,
and it does not include the case of a debt to be paid out of the
levy for a future year. That section reads in part as follows,
viz.: "If the trustees of any district, or any board of education,
shall make any agreement for the employment of a teacher in
violation of this section, or for any other object concerning free
schools under their charge, so as to occasion thereby the aggre-
gate of the just claims against the board of education of the
district, or independent school district, in any year, to exceed its
aggregate receipts, as aforesaid, for such year, such board of edu-
cation, or trustees, shall be individually responsible to the teach-
er, or other person with whom such agreement is made." It
will be noticed that this provision, creating individual liability
upon the members of the board of education, is restricted by
its language to cases of overdrafts upon funds levied for a par-
ticular year, and does not include the case of an obligation ex-
pressly made payable out of the levy of a future year. The first
part of the section quoted from forbids a board of education to
contract a debt to be paid out of the levy of a future year, but
provides no penalty in case it attempts to do so. The section
forbids two things: (1) creating a debt payable out of the levy
for a future year, and (2) creating debts payable out of the levy
of a particular year, the aggregate of which shall be in excess
of the funds at the disposal of the board of education for that
year. For exceeding its authority in the first particular the
statute under discussion does not expressly provide a remedy,
but for exceeding its authority in the second instance a remedy
is given to the party contracted with by making the members
of the board individually liable. Why a liability was created
in the one instance, and not in the other, it is not necessary
for us to inquire. The legislature may have reasoned that, as
no one could be deceived by a contract creating an obligation
payable out of the levy of a future year, everyone dealing with
the board of education being chargeable with knowledge of its
lawful powers, it was not necessary to give a remedy in that case,
while in the case of an obligation payable out of a fund, then
at its disposal, no one should be held to a knowledge of the con-
dition of the public accounts, and, therefore, might easily be

deceived with reference thereto, and, might innocently accept such overdraft. But, whatever may be the reason for it, the statute has provided a remedy in one instance, and not in the other. In respect to creating individual liability, the statute is penal and must, therefore, be strictly construed, and so construing it, we must say that the law in force on 7th September, 1904, created no individual liability upon the members of the board of education for attempting to create an obligation to be paid out of a future levy.

But the fact that the individual members were not made liable by law, for exceeding their powers, does not preclude the possibility of their individual liability by agreement. The question is then presented, did they assume personal liability by signing the contract as individuals, and without official designation? We think not, because it is evident from both the nature of the transaction and the language of the contract, that it was executed in an official, and not a private capacity. The articles purchased were for the use of the public schools of their district. The transaction is free from fraud, and the contract was signed at a meeting at which all three were present. True, it was signed outside of their district, but the board of education is not forbidden by law to meet and transact business outside of its district. Hence the fact that the contract was signed in the City of Elkins, outside of New Interest district, does not affect its character as being an official act. The agreement shows on its face that the debt was created for a public purpose, and the fact is agreed that it was signed by all three members at a meeting at which all three were present. That gives it the force of official action, and if it was official action it negatives intention to assume personal responsibility. The manner in which the obligation was to be paid, that is by warrant upon the public treasury, also clearly indicates that there was no intention to assume individual liability, by the manner of signing it. The board of education acted in its corporate capacity in making the contract, and the fact that each member signed his name to it without official designation, does not imply intention to bind himself individually. 35 Cyc. 910; *Mackenzie* v. *Board of Trustees,* 72 Ind. 189; *Lyon* v. *Adamson,* 7 Iowa 509. Public officers will not be · held personally liable on contracts made on behalf of the public,

even though such contracts be made in excess of their authority, unless a clear intention to assume personal liability is shown. 29 Cyc. 1446, and numerous cases cited in Note 15.

The creation of a debt by a board of education, to be paid out of a future levy, is expressly prohibited by section 45, chapter 45, Code 1899, which was the law in force when the debt sued for was contracted, and the attempt to create such an obligation is an act *ultra vires,* and, therefore, void. *Shinn* v. *Board of Education,* 39 W. Va. 497.

The principle of law by which the agent of a private individual may be held personally liable when he exceeds his authority, or when he acts for an undisclosed principal, does not apply in the case of a public officer acting in his official capacity. The board of education must act strictly within the powers conferred on it by law, and those who deal with it must take notice of the extent of its powers. *Honaker* v. *Board of Education,* 42 W. Va. 170; *State* v. *Chilton,* 49 W. Va. 453.

The contract shows on its face that it was in excess of power, and is therefore void, because it expressly states that the warrant for the debt was not to be presented until the fall of 1905, which means that it was payable out of the levy for 1905, and the order for the warrant itself so states. *Shinn* v. *Board of Education, supra.*

The order made on 26th November, 1904, directing the issuance of a draft in favor of Ells, notwithstanding said order was made after chapter 16, Acts 1904, became operative, does not affect the case. That order is only a step in the process of making payment, a matter merely incidental to the attempted discharge of a pre-existing void obligation, and to which it can give no vitality. Jurisdiction was exceeded by making the agreement on 7th September 1904, and the order for the warrant, made November 26, 1904, was not a separate act by the board of education, distinguishable from the original obligation, so as to bring it within chapter 16, Acts 1904. That act is not retroactive.

The contract was *ultra vires,* and therefore, void, and created no liability upon the public fund of the school district, or upon the individual members then composing the board of education.

For the foregoing reasons the judgment will be affirmed.

　　　　　　　　　　　　*Affirmed.*