# CHARLESTON.

CORRIGAN v. THE BOARD OF COMMISSIONERS OF OHIO COUNTY.

Submitted February 25, 1914.    Decided April 7, 1914.

COUNTIES—*Liabilities—Personal Injuries to Employes.*

A county court is not liable in damages for personal injuries sustained by one, not a traveller, employed by it in building a wall along or upon a public road, from the caving in and falling upon him of a part of such road adjacent to the wall, due to its negligence or the negligence of other persons employed to do other work upon or under the road in no way connected with the work of building such wall. Distinguishing *Shipley* v. *County Court,* 72 W. Va. 656, 78 S. E. 792.

Error to Circuit Court, Ohio County.

Action by Thomas E. Corrigan against The Board of Com-

missioners of Ohio County. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*John J. Coniff,* for plaintiff in error.

*R. M. Addleman, Geo. C. Beneke* and *David McKee,* for defendant in error.

Miller, President:

On demurrer to the amended declaration and to each of the two counts thereof, the judgment below was that the demurrer be sustained, and plaintiff declining to further amend, that he take nothing by his action, and that same be dismissed, with costs to defendant.

The cause of action alleged is that plaintiff was employed by defendant to erect as part of one of the county roads a stone wall near the junction of said road with another road, and that while he was at work on said wall, and had completed the same to within four to six feet of the top or surface of said road, defendant caused the road next adjacent to the part on which plaintiff was working to be cut under and undermined so that it could place across the road, at a point near where the undermining took place, a sewer; that the work so done by defendant was wholly disconnected from the work being done by plaintiff, was performed by other persons employed for that purpose, and was supervised and controlled separately and apart from the work plaintiff was employed to do, by one of the commissioners of said board; that the work of so excavating and undermining said road was so carelessly and negligently done, that it caused the road at the point of said excavation, and the surface thereof, to be and become dangerous and liable to fall upon plaintiff, and did while he was so employed upon said wall, give away and fall in and upon him, with great force and violence, bruising, wounding and injuring him, in and about his body and head, and that by reason of injuries so sustained amputation of one of his legs became necessary; that while said excavating was being so done by defendant on said road and afterwards, no efforts were made by it to prevent its caving in and falling upon plaintiff, by props or otherwise, although

defendant knew such protection was necessary, and by reason thereof said road was thereby also permitted to be and remain out of repair and dangerous, defendant well knowing the same to be so, and liable to so cave in and fall upon plaintiff, and of which plaintiff was ignorant, and had no notice and warning of any kind, until said road so caved in and fell upon him as aforesaid; that it was the duty of defendant to have done said work carefully and cautiously and to have protected said road while so excavating by proper supports so that it would not fall upon plaintiff, and to thereby give plaintiff warning of the dangerous condition of the road, and that the same was so out of repair, but that defendant wholly neglected its duty in that behalf, by reason whereof plaintiff was injured as aforesaid, and sustained damages.

The second count is substantially like the first, except that in addition to the charge that defendant so negligently excavated and undermined said road, and caused the same to be and remain dangerous and out of repair, it is charged as an additional act of negligence that defendant also negligently and carelessly caused large and heavy stones to be hauled and placed near where said excavating had been done as aforesaid, and caused said stones to be thrown carelessly and negligently upon and near the top of said road where the cut aforesaid began, and thereby caused the said road to crack and break away, and to be out of repair and dangerous, and to so cave in and fall with great force and violence upon plaintiff, of all which defendant had knowledge and plaintiff was ignorant, &c.

The main question presented is, Is a county court liable in damages for injuries sustained by one employed by it in building a wall along or upon a county road, a part of such road, from the caving in and falling upon him of a part of such road adjacent to that on which he was so employed, due to its negligence or that of others employed by it to excavate and undermine the same, in no way connected with the work being done by him, as alleged in the declaration?

Plaintiff's case, if well founded, must be based on section 56a, chapter 43, serial section 1815, Code 1913, giving to "Any person who sustains an injury to his person or property by reason of a public road, bridge, street, sidewalk or

alley    *    *    *    being out of repair'' right of action
to ''recover all damages sustained by him by reason of such
injury,    *    *    *    against the county court, city, town
or village.'' The declaration predicates right of action on
the alleged want of repair of the county road.

It is well settled in this State, and in many others, that
counties, cities, towns or villages are not liable at common
law for injuries sustained by employees, or by other persons
by reason of defects in public roads, and that right of action
for such injuries depends wholly upon statute. *Shipley* v.
*County Court*, 72 W. Va. 656, 78 S. E. 792, and cases cited.
And it is settled, by the Shipley Case, that such absolute lia-
bility exists in favor of and extends to the administrator of
an employee killed by the falling of a public county bridge,
under the weight of a traction engine and stone crusher on
which such employee was riding while acting within the
scope of his employment. In that case the employee was rid-
ing upon or over a county bridge, as any other traveller.
The statute does not specifically limit such right of action to
persons traveling upon a road or bridge; it gives right of
action to any person sustaining injury by reason of such
road or bridge being out of repair. But must we not give the
statute a construction so as to limit it to persons using the
road for travel in the ordinary way, or as in the Shipley
case to employees traveling thereon in the service of the
county? In *Vickers* v. *Cloud County*, 59 Kans. 86, cited by
JUDGE POFFENBARGER in the Shipley Case, for the principle
involved, an employee at work under a bridge, and injured
by the falling thereof, was allowed to recover, based on a stat-
ute practically the same as ours; and in *Rehberg* v. *Mayor,
etc. of City of New York*, 91 N. Y. 137, an employee of the
City of New York, at work on a street, excavating for a pier,
and who was injured by the falling of a pile of brick in the
street, was thought entitled to recover for the injuries sus-
tained. The court said in that case: ''The duty rested upon
the city to remove the incumbrance; and if the incumbrance
was dangerous in fact and resulted in injury to the plain-
tiff, the city is, we think, responsible, although it had not by
actual examination and inspection ascertained its dangerous
character.'' In view of the broad language of our statute and

the decision in the Shipley Case, and other cases, I was inclined to hold that the declaration stated a good cause of action. But the other members of the court are disposed to hold that the Shipley Case turned on the fact that decedent was a traveller on the bridge, although an employee also of the county court, and that the provisions of the statute should not be extended to others than travellers. I find some law books and numerous judicial decisions strongly tending to support this view, some of cases governed by statutes similar to ours. 15 Am. & Eng. Ency. Law, 464; *Leslie* v. *Lewiston,* 62 Me. 468; *Philbrick* v. *Pittston,* 63 Me. 477; *Brown* v. *Skowhegan,* 82 Me. 273; *Perkins* v. *Fayette,* 68 Me. 153; *Ball* v. *Winchester,* 32 N. H. 435; *Sykes* v. *Pawlet,* 43 Vt. 446; *Harper* v. *Milwaukee,* 30 Wis. 365; *Kelley* v. *Fond du Lac,* 31 Wis. 179; *Hawes* v. *Fox Lake,* 33 Wis. 438; *Goeltz* v. *Ashland,* 75 Wis. 642; *Stinson* v. *Gardiner,* 42 Me. 248; *Tighe* v. *City of Lowell,* 119 Mass. 472; *Lyons* v. *Brookline,* 119 Mass. 491.

We are of opinion, therefore, upon these authorities, and the reasons given, that the declaration states no case justifying recovery, and that the demurrer was properly sustained. The judgment will, therefore, be affirmed.

*Affirmed.*