GEORGE E. MEWHA *v.* PUBLIC SERVICE COMMISSION OF WEST VIRGINIA

(Nos. 9065, 9066)

Submitted May 8, 1940.   Decided May 21, 1940.

*McGinley, Paull & Petroplus,* for petitioner.
*A. Bliss McCrum* and *Ritchie, Hill & Thomas,* for respondent.

KENNA, JUDGE:

This Court granted reviews of the final orders of the Public Service Commission in the two Motor Carrier Cases Numbers 399 and 412 refusing the applications made by George E. Mewha for certificates of convenience and necessity, the first for permission to transport passengers in motor vehicles within the City of Wellsburg and the other for like permission extended to include express from the northern boundary of Wellsburg to the East Steubenville bridge. These two applications were heard along with two others affecting the same area that have now been withdrawn, leaving the Penn Bus Company the successful protestant in both the proceedings in which Mewha was applicant. Penn Bus Company was not an applicant, and rested its protest upon the allegation that it was already permitted by certificate No. 148 issued by the Road Commission in 1926 and assigned to it, to render the required service between Wheeling and East Steubenville and to grant additional permission would give rise to destructive competition and occasion no public benefit.

The certificate of convenience and necessity issued to the Ohio Valley Transit Company on December 20, 1926, being the one now held by Penn Bus Company, was granted by the State Road Commission by virtue of power conferred upon it by Section 82, Chapter 17 of the Acts of 1925 (line 189-i), the pertinent excerpt reading as follows:

"The State Road Commission shall have the power to issue to any applicant a certificate of convenience, or to refuse to issue the same, or to issue it for the partial exercise only of the privileges sought, and may attach to the exercise of the rights given by such certificate such terms and conditions as in its judgment the public convenience and necessity may require. *No* such *certificate* of convenience *shall be issued* by the Commission *until it shall be established to the satisfaction of the Commission, after a proper investigation, that the privilege* so sought by the applicant *is necessary or convenient for the public,* and *that the service* so proposed to be rendered by the applicant *is not being adequately performed at the time of such application by any other person,* partnership or corporation." (Italics supplied unless otherwise stated.)

The certificate referred to, after reciting that the route to which the privileges therein granted applied was part of an interstate route from Wheeling, West Virginia, to Steubenville, Ohio, contains the following language:

"The granting of the certificate of convenience herein is upon the express condition and understanding that *it is not granted upon any* consideration or *finding made by the State Road Commission* of West Virginia *that the privilege* sought by the applicant *is necessary or convenient for the public* or *that the service so proposed to be rendered by the applicant is not now being adequately performed by any other person,* firm or corporation, but that this certificate of convenience is, therefore, granted in conformity with the decisions of the United States Supreme Court rendered in the cases of A. J. Buck v. E. V. Kuykendall and George W. Bush & Sons Co. v. William M. Malloy et al., and is granted subject to any enlargement or abridgment of the authority of this Commission concerning interstate motor vehicle operation arising from any decision of a federal court that may be rendered hereafter or from any law that may be enacted hereafter by the congress of the United States."

At that time intrastate service between Wheeling and East Steubenville was being performed by others. Apparently, then the two services were separately performed very competently.

The two holdings of the United States Supreme Court referred to in the language quoted from certificate No. 148 were that tribunal's initial decisions dealing with the regulation of motor vehicle common carriers of passengers, and the holding in each is that a state statute prohibiting the use of its highways by motor carriers without having first obtained a certificate of public convenience and necessity is not to be primarily classified as a regulation to secure the safety of the highways or to conserve them, but as a prohibition of competition and, as such, a violation of the commerce clause in so far as carriers engaged solely in interstate commerce are concerned. *Buck* v. *Kuykendall,* 267 U. S. 307, 45 S. Ct. 324, 69 L. Ed. 623, 38 A. L. R. 286; *Bush Co.* v. *Malloy,* 267 U. S. 317, 45 S. Ct. 326, 69 L. Ed. 627.

The statute vested in the Road Commission at that time the right to grant certificates of convenience and necessity and conferred upon it a very broad discretion. However, the Legislature also prescribed certain jurisdictional conditions without which the power did not come into being. These are: (1) proper investigation; and (2) findings that (a) the privilege sought is necessary or convenient for the public; (b) that the service to be rendered is not being adequately performed. The Road Commission's order which is to be taken as a verity, plainly establishes the non-existence of these conditions. So that the application of the Ohio Valley Traction Company was obviously treated as an *interstate* application over which the Commission's jurisdiction did not extend, the Commission having expressly negatived the existence of the two indispensable findings, essential companions of its jurisdiction to grant an *intrastate* certificate.

We are therefore of the opinion that at the time of its issuance Certificate No. 148 granted no privileges excepting those connected with interstate transportation.

In the briefs filed on behalf of the applicant and the protestant, a number of rules of construction are advanced. The protestant urges that because Certificate No. 148 was renewed by the Road Commission on December 13, 1928, before its expiration on December 31, 1928, and that prior to that time the holder of Certificate No. 148 had been operating at least a round trip daily between Wheeling and East Steubenville and that subsequent to the extension and on July 19, 1932, the Superintendent of Transportation for the Road Commission expressed his opinion that Certificate No. 148 covered intrastate transportation, this Court should so construe its language. It is also contended that at various times a holder of Certificate No. 148 filed rate schedules and time tables in the office of the Public Service Commission based upon intrastate transportation which received the implied approval of the Commission.

As we view it there are but two ways in which proof of this sort could be regarded as relevant: In order to create an estoppel which would prevent a position inconsistent with the past course of conduct pursued by the parties concerned; or in order to clarify a patent ambiguity. If there were no one concerned in this proceeding excepting private litigants it might very well be that the theory of estoppel could be considered, but the form of this procedure is triangular with the State of West Virginia occupying the apex for the purpose of regulating commerce over its public highways impartially and primarily in the interest of the whole people. In order that this may be brought about the Legislature has established certain general principles that are indeviable, and the State has an interest in their enforcement. We do not think that it requires the citation of authority to sustain the principle that the State cannot be estopped, and that the conduct of a public office cannot be governed by an incorrect precedent. Obviously, the opinion of the Superintendent of Transportation, no matter how sincere, could not contribute to circumstances giving rise to estoppel, neither could it in any manner do more than form a part of the circumstances constituting a practical construction

of an ambiguity. His letter of July 19, 1932, we think, is of no consequence. In it is the statement that because there is no restriction of intrastate privileges in Certificate No. 148 nor upon the records of the Road Commission, the holder of the certificate is entitled to exercise them. If the letter otherwise deserved consideration, the fallaciousness of that method of construction is too apparent to require discussion.

We do not believe that there is any ambiguity involved in reaching the legal conclusion as to the nature of Certificate No. 148. Of course, if the certificate in terms stated that it granted no intrastate rights or privileges it would be unnecessary to reach a conclusion as to its nature. However, a conclusion, we believe, is plainly distinguishable from a consideration, the former being a logical consequence, and the latter a meaning attached to the ambiguous use of a known language. We see no patent ambiguity in the language contained in Certificate No. 148. Its entire meaning, we believe, is perfectly clear and the only possible legal conclusion to be reached as a consequence of its use is that the Commission did not intend in granting it to confer intrastate privileges.

We are asked by the protestant that in case the order of the Commission rejecting the application is found to be erroneous, to remand this proceeding to the Public Service Commission for the purpose of considering the protest of the Penn Bus Company as an application on the theory that its experience, facilities, equipment and other qualifications affect the public interest in a way that has not heretofore been sufficiently considered. It is sometimes very difficult to place a definite limit in point of time at the end of which litigants' interests become fixed and unchangeable. Usually, they are not twice heard nor are the litigants allowed in the same proceeding to occupy inconsistent positions upon the record. When this proceeding was instituted Mewha was the petitioner for a certificate of convenience and necessity. Penn Bus Company was the holder of Certificate No. 148. There were a number of courses open to the Penn Bus Company at that

time. It could then have applied for a certificate of convenience and necessity with intrastate privileges, but for sufficient, and we think obvious, reasons it did not see fit to pursue this course. Instead it elected to rest its rights entirely upon the question of whether Certificate No. 148 was inclusive of intrastate rights. This proceeding has been pending for something over one year and eight months. To permit the Penn Bus Company to alter its position, rely now upon the existence of circumstances that serve as an admission of the fact that it exceeded the powers granted by Certificate No. 148 due to misinterpretation of its language, and to advance the theory that their dependability entitles them to the certificate because of the public interests involved, we do not feel is justified.

It is virtually conceded that the so-called "grandfather clause" of Section 3, Article 6, Chapter 50, Acts of the Regular Session of 1937, could in no way alter Certificate No. 148, it having only to do with the life of certificates issued by the Public Service Commission prior to its enactment and not with the alteration of privileges thereby conferred. We are entirely in accord with this construction.

In a brief filed on behalf of the Commission by the Attorney General, the attention of this Court has been drawn to order 28-A entered in M. C. Case 430. As we understand Motor Carriers Case No. 430, it is a proceeding originated by the Commission itself for the purpose of making adequate provision in the affected areas for the transportation of passengers until the controversies between the applicant and the protestants could lead to a more lasting solution, and the previous order upon which order 28-A is predicated, being order 28, plainly stipulated that it was but temporary in its effect. We do not doubt that the Public Service Commission, realizing that even a formal certificate of convenience and necessity issued under Acts, Regular Session, 1939, Ch. 86, Article 2, Section 5-C, vests in the grantee no property right and is not irrevocable, will permit nothing done *pendente lite* this proceeding and subject to its jurisdiction to impede carrying out the mandate of this Court.

There having been no question raised as to Mewha's financial responsibility or other qualification, and it being apparent that the Public Service Commission would not have reached the question upon which its refusal was based without first having passed favorably upon the applicant's eligibility, orders will be entered reversing the Commission's final orders in Motor Carrier Cases Nos. 399 and 412 and directing the Commission to grant the prayer of the application of George E. Mewha in each case.

*Reversed; remanded with directions.*

Fox, Judge, concurring in part:

I think Certificate Number 148, referred to in the opinion, covered only interstate privileges, and, therefore, I concur in that part of the decision which reverses the order of the Public Service Commission and remands the proceeding; but, in view of the apparent public interest involved, I think such remand should be without direction to the Commission as to the character of the order to be entered. That, I think, is peculiarly the province of the Commission, and its action should be based upon the showing made at the time when it is called upon to enter a final order in the case.