Doris Postlewait Cunningham

*v.*

The County Court of Wood County, Etc.

(No. 12279)

Submitted February 4, 1964.    Decided February 25, 1964.

*William L. Jacobs, George E. Lantz,* for appellant.

*McDougle, Davis, Stealey & Morris, R. E. Stealey, William R. Pfalzgraf,* Prosecuting Attorney, Parkersburg, for appellee.

CALHOUN, JUDGE:

Doris Postlewait Cunningham instituted in the Circuit Court of Wood County a civil action against the County Court of Wood County to recover damages for personal injuries sustained by her when she fell while she was a pedestrian on a bridge which is partly within and partly without the City of Parkersburg and which bridge spans Little Kanawha River.

The defendant filed a motion to dismiss on the ground of the failure of the plaintiff to state a claim upon which relief could be granted. Upon the joint motion of counsel for the parties, the motion to dismiss was treated as a motion for summary judgment under R. C. P. 56 (b), and the following were submitted to the court for consideration in that connection: (1) the plaintiff's complaint; (2) the defendant's answer; (3) the plaintiff's affidavit which was designated as an Affidavit in Opposition to Motion to Dismiss; and (4) the deposition of the plaintiff taken on October 11, 1962, including certain exhibits filed with and made a part of the deposition. After argu-

ment of counsel, the motion was submitted to the court for decision.

By an order entered on June 18, 1963, the circuit court granted the motion for summary judgment by the use of the following language:

> "And it appearing to the Court that the defendant was not charged by law with the maintenance, control and supervision of the 'Juliana Street Bridge' at the time of the accident in this case, and was not liable to respond in damages to plaintiff because of its alleged negligence in maintaining the same, and that neither the voluntary act of the defendant in publicly controlling or repairing said Bridge, nor the maintenance in force by defendant of a policy of liability insurance on said Bridge at the time of the accident, protecting and indemnifying it against the claims of third persons, are sufficient, considered separately or together, to impose liability on the defendant for its alleged negligence in maintaining said Bridge; and that there is no genuine issue as to any material fact, and that defendant is entitled to judgment as a matter of law, the Court does hereby grant said motion for summary judgment, to which the plaintiff objected and excepted."

By the same order, the plaintiff's action was dismissed. Upon petition of the plaintiff, this Court granted a writ of error and supersedeas to that final judgment. Subsequently, the plaintiff was permitted by the Court to move to reverse pursuant to Code, 1931, 58-5-25.

It is reasonably apparent that the bridge was controlled and maintained by the county court over a long period of years under the honest belief of county officials that the county court had the legal authority and duty to do so. It must be presumed, in the absence of evidence to the contrary, that the county officials acted honestly and in good faith in this respect, and that members of the county court did not deliberately and designedly violate the laws of this state in expending public funds in the maintenance and repair of the bridge. *City of McMechen v. Fidelity and Casualty Co. of New York,* 145 W. Va. 660,

666, 116 S. E. 2d 388, 392; *State, etc. v. Professional Realty Company,* 144 W. Va. 652, pt. 5 syl., 110 S. E. 2d 616; *State ex rel. Watts v. E. W. Kelly et al.,* 140 W. Va. 177, pt. 1 syl., 83 S. E. 2d 465; *State ex rel. Staley v. Wayne County Court,* 137 W. Va. 431, pt. 2 syl., 73 S. E. 2d 827.

Ultimately, the county court undertook to have the state road commission and the state road commissioner assume authority and control over the bridge. They declined on the ground that they did not have any legal authority or duty to do so. In these circumstances the county court instituted a proceeding in mandamus in this Court to compel the commission and the commissioner to assume authority and control over the bridge. In *State ex rel. County Court of Wood County, et al. v. The State Road Commission, et al.,* 147 W. Va. 623, 129 S. E. 2d 726, the Court on March 5, 1963, awarded a writ of mandamus to compel the state road commissioner to assume jurisdiction, maintenance, supervision, repair and control of the bridge. In doing so the Court held that certain statutes enacted in 1933 "automatically" transferred the bridge to the jurisdiction of the state road commission and that the provisions of the statutes in this respect were "mandatory."

The plaintiff alleges that she sustained her injuries on September 22, 1960, and that her fall and consequent injuries were caused by the fact that the floor of the bridge was defective and out of repair. The plaintiff's injuries were sustained, therefore, before the decision by this Court referred to above, and while the county court was still exercising control over the bridge. The county court at that time carried an insurance policy which insured it against liability for personal injuries which might be sustained by reason of the bridge being out of repair. At the time plaintiff sustained her injuries, there was posted on the bridge a sign or notice as follows: "GROSS WEIGHT OVER 4,500 LBS. PROHIBITED BY ORDER WOOD CO. COMMISSIONERS." Prior to that time the bridge was closed to vehicular traffic by order of the county court but it was permitted to remain open to pe-

destrians. Barricades had been placed on the bridge by the county court to prohibit vehicular traffic. The county court had erected one or more signs stating: "BRIDGE CLOSED." In brief, there appears to be no denial of the fact that the bridge was erected by the county court in 1899 and that the county court assumed and exercised control over the bridge from the date of its erection until the date of the plaintiff's fall and consequent injuries.

The basic question presented for decision is whether the county court can be held liable to the plaintiff in view of the fact that her injuries resulted at a time when the county court was exercising control over the bridge but without legal duty or authority to do so.

County Courts are created by the Constitution of West Virginia. Their powers are therein defined and limited. Constitution, Article VIII, Sections 22 and 24; *Earl T. Browder, Inc.* v. *County Court of Webster County,* 143 W. Va. 406, 102 S. E. 2d 425; *Mohr* v. *County Court of Cabell County,* 145 W. Va. 377, 115 S. E. 2d 806.

Apparently counsel for the respective parties agree that the maintenance of a bridge of this character is a governmental function. 11 C.J.S., Bridges, Section 56, page 1092. In the performance of governmental functions, a county, or a county court, is not liable in tort for negligence of its officers or agents in the absence of statute imposing such liability. *Petros* v. *Kellas et al.,* 146 W. Va. 619, pt. 3 syl., 122 S. E. 2d 177; *Douglass, Admr.* v. *County Court of Roane Co.,* 90 W. Va. 47, pt. 1 syl., 110 S. E. 439; *Watkins* v. *County Court,* 30 W. Va. 657, pt. 1 syl., 5 S. E. 654. See also *Ward* v. *The County Court of Raleigh County,* 141 W. Va. 730, 93 S. E. 2d 44; *Carder, Admr.* v. *City of Clarksburg,* 100 W. Va. 605, pt. 1 syl., 131 S. E. 349; *Rader* v. *County Court of Roane County,* 94 W. Va. 493, 119 S. E. 479; *Moss Iron Works* v. *County Court of Jackson County,* 89 W. Va. 367, 109 S. E. 343; *Corrigan* v. *Board of Commissioners of Ohio County,* 74 W. Va. 89, 81 S. E. 566; *Shipley* v. *County Court of Jefferson County,* 72 W. Va. 656, 78 S. E. 792; 5 M.J., Counties, Section 84,

page 152; 20 C.J.S., Counties, Section 215, page 1067; 14 Am. Jur., Counties, Sections 48-51, pages 215-218.

Code, 1931, 17-10-17, provides: "Any person who sustains an injury to his person or property by reason of any road or bridge under the control of the county court * * * being out of repair may recover all damages sustained by him by reason of such injury, in an action against the county court, * * *." This statute changes the common law. *Clayton* v. *County Court of Roane County*, 96 W. Va. 333, 335, 123 S. E. 189, 190; *Parsons* v. *County Court of Roane County*, 92 W. Va. 490, 495, 115 S. E. 473, 475. We agree with the contention of counsel for the county court that this statute cannot apply to the present situation because of the fact that, since 1933, the county court has had no legal right, duty or authority for continuing to maintain, repair and control the bridge. Counsel for the plaintiff do not seriously contend that the statute may be applied in this case, but they contend that the county court may be held liable (1) on the basis of estoppel and (2) that the reasons for the rule of governmental immunity are absent in this case and such rule should not be applied because the county court carried the insurance policy which insured it against liability for any recovery for damages sustained by the plaintiff.

Section 21 of Article VIII of the Constitution provides that the common law shall continue in force in this state "until altered or repealed by the Legislature." Similar language has been a part of the statutes of this state throughout the years of its existence. Code, 1931, 2-1-1. This Court, therefore, is sternly and unmistakably enjoined to leave drastic changes in the common law to the legislative branch of the state government. Currently it is widely debated that the rule of governmental immunity should be abolished. We firmly believe, however, that this Court should not undertake, by judicial pronouncement, to abrogate a legal principle which has through a long period of years been so basic in the laws of this state.

It is pointed out in an annotation of the subject that, in "a few jurisdictions," immunity has been held to have

been removed by the act of the governmental unit in carrying liability insurance; and this is characterized in the annotation as an "enlightened" view. Anno., 68 A.L.R. 2d, Section 4, page 1448. In Section 2 at page 1439 of the same annotation, it is stated: "The prevailing view on the question under annotation is that a governmental unit's immunity from tort liability is unaffected by its procurement of insurance which purports to protect it from such liability." See also Anno., 145 A.L.R. 1336. Prior decisions have placed this Court in line with the majority or prevailing view. *Boice* v. *Board of Education of Rock District*, 111 W. Va. 95, 160 S. E. 566; *Utz* v. *Board of Education of Brooke County*, 126 W. Va. 823, 30 S. E. 2d 342; *Bradfield, Admr.* v. *Board of Education of Pleasants County*, 128 W. Va. 228, 36 S. E. 2d 512.

The Court holds, therefore, that the county court's immunity is not affected by the fact that it carried the policy of liability insurance.

As we have previously observed in this opinion, it is asserted in behalf of the plaintiff that the county court is estopped to deny liability by reason of the fact that, at the time the plaintiff sustained her injuries and for years prior to that time, the county court exercised control over the bridge. In that connection we believe it is important to observe, first, that maintenance of a bridge such as that involved in this case is a governmental function; and, second, it involved the performance by the county court of acts not authorized by law and acts which in that respect were *ultra vires*. If, for instance, the county court were authorized by law to exercise control of the bridge, it might be plausibly asserted that the acts of the officials and agents of the county court were sufficient to estop it to deny that it had, in fact, assumed such control. We believe, however, that this case, which involves legally unauthorized acts of the county court's officers and agents, presents a different sort of problem in relation to estoppel.

The general rule is that an estoppel may not be invoked against a governmental unit when functioning in its

governmental capacity. 31 C.J.S., Estoppel, Sections 138-142, pages 675-719; Anno., 1 A.L.R. 2d 338.

A governmental unit is not estopped to deny the validity of *ultra vires* acts of its officers. 31 C.J.S., Estoppel, Section 143, page 719. See also 19 Am. Jur., Estoppel, Section 167, page 819; 7 M.J. Estoppel, Section 7, page 246. A state or one of its political subdivisions is not bound by the legally unauthorized acts of its officers; and all persons must take note of the legal limitations upon their power and authority. *Schippa v. West Virginia Liquor Control Commission,* 132 W. Va. 51, 54, 53 S. E. 2d 609, 611; *Armstrong Products Corporation v. Martin,* 119 W. Va. 50, 53, 192 S. E. 125, 127; *State v. Conley,* 118 W. Va. 508, 531, 190 S. E. 908, 918; *The City of Beckley v. Wolford et al.,* 104 W. Va. 391, 140 S. E. 344; *Coberly v. Gainer,* 69 W. Va. 699, 703, 72 S. E. 790, 792; *State v. Chilton,* 49 W. Va. 453, pts. 4 and 5 syl., 39 S. E. 612.

In accordance with a well settled principle, this Court has stated many times that the state and its political subdivisions are not bound, on the basis of estoppel, by the *ultra vires* or legally unauthorized acts of its officers in the performance of governmental functions. *Ralston v. Town of Weston,* 46 W. Va. 544, 555, 33 S. E. 326, 330-331; *City of Beckley v. Wolford, et al.,* 104 W. Va. 391, 393, 140 S. E. 344, 345; *Mewha v. Public Service Commission of West Virginia,* 122 W. Va. 305, 309, 9 S. E. 2d 868, 870; *Utz v. Board of Education of Brooke County,* 126 W. Va. 823, pt. 2 syl., 30 S. E. 2d 342; *Schippa v. West Virginia Liquor Control Commission,* 132 W. Va. 51, 54, 53 S. E. 2d 609, 611; *Cawley v. Board of Trustees, etc.,* 138 W. Va. 571, 583, 76 S. E. 2d 683, 690. The Court holds, therefore, that the county court is not estopped by the legally unauthorized acts of its officers and agents to assert the defense of governmental immunity.

For the reasons which have been stated in this opinion, the motion to reverse is overruled and the judgment of the Circuit Court of Wood County is affirmed.

*Motion to reverse overruled;*
*judgment affirmed.*