PETROPLUS, JUDGE:
Florence Massey, the Claimant, was a widow receiving benefits from the West Virginia Department of Welfare since 1950 under the Aid to Families with Dependent Children Program. Although a mother of 15 children, only 3, who were attending school, were living with her at the time this claim arose. In addition to Social Security and her 'allotment from a son in the Armed Service, she was receiving approximately $75.00 a month from the State Welfare Department for her basic needs. In the month of May, 1966, she applied for an additional claim to meet what is termed “Special Needs” in order that she would be provided with funds to meet the installment payments on a loan made from the Montgomery National Bank in the amount of $842.04, to cover an improvement to her living quarters. The improvement consisted of the construction of an additional room and bathroom for her home, which had been suggested by the Social Worker assigned to her case. There was some discussion about this special grant between her, the representatives of the Department of Welfare, the Bank and the Company that supplied the materials for the improvement. On the basis of the commitment of the Department of Welfare to make a special grant of approximately $70.00 a month in order to enable the claimant to repay her loans, credit was extended by both the Bank and the materialman.
*60 The Department of Welfare did not directly negotiate these loans and incurred no legal obligation by way of guarantee to the Bank or .the materialman. Approximately 5 months after the special grant was made, upon a routine examination that she possessed an automobile and controlled and operated the same, she was advised by the Respondent that under the Rules and Regulations of the Department, she would become ineligible for benefits unless she disposed of the car. The title to the car was in a married daughter’s name, who had departed to join her husband in New Mexico and left the car to be used by her mother. Although warned that her benefits would be terminated if she did not dispose of the car, the Claimant elected to continue using the car and both her basic and special benefits were terminated in April, 1967, on the ground that she became ineligible for benefits under the Rules and Regulations of the Department of Welfare. The Notice of Claim is in the amount of $987.79, representing the aggregate amount owing to the Montgomery National Bank and Lowe's Building Materials.
After consideration of the evidence submitted on behalf of the Claimant at the hearing, it is the Opinion of the Court that the Claimant, although warned, elected to pursue a course of conduct that disqualified her under the Rules and Regulations of the Department of Welfare from receiving assistance and by refusing to give up possession and use of the car, she voluntarily forfeited her benefits. The fact that the car was titled in the name of her daughter does not excuse her from making a disposition of the car and, in fact, the record is silent on any effort on her part to contact her daughter regarding a sale or disposition of the automobile. Claimant’s counsel contends that she was not advised of her rights of appeal, but we fail to see where she was prejudiced, even though she was not so advised. She was clearly in violation of the rules of eligibility and had she taken an appeal to a Board of Review, the decision of the Department would undoubtedly have been sustained. A second contention of the Claimant is that the conduct of the representatives of the Department of Welfare constitutes an estoppel against terminating her benefits until sufficient funds were paid to enable her to satisfy the loans which were made to finance her home improvement. No *61 authority has been cited by counsel for the Claimant that the doctrine of estoppel applies to a State Agency under the circumstances of this case. The Court has grave doubt that estoppel can be applied to a Governmental Agency that operates under limited statutory authority and Rules and Regulations proscribed by law. A State or one of its political subdivision® is not bound by the legally unauthorized acts of its officers; 'and all persons must take note of the legal limitations upon their power and authority. The West Virginia Court has stated many times that equitable estoppel cannot be applied against the State. Cunningham v. County Court, 148 W. Va. 303, 134 S.E. (2d) 725.
The Department of Welfare has no legal authority to underwrite loans or make guarantees for their repayment on behalf of Welfare recipients. All parties concerned are charged with notice that benefits which are payable directly to a recipient may be terminated at any time that the recipient becomes ineligible for assistance. Notwithstanding that the Claimant placed herself in a position of jeopardy by getting involved with creditors on the. assurance that she would receive a special grant to pay those creditors, by her own conduct she voluntarily made herself ineligible for public assistance.
For the foregoing reasons, the Court is of the opinion to and does hereby disallow the claim.
Claim disallowed.