KLYM *v.* AETNA LIFE INS. CO.

1. MASTER AND SERVANT—CONTINUITY OF EMPLOYMENT.

> One may be an employee of another without actually being engaged in performing the work of the employer at the moment, and one continuously employed and paid wages may for some purposes be considered the servant of the employer until laid off or discharged.

2. INSURANCE—GROUP POLICY—DEATH BEFORE RE-EMPLOYMENT.

> In death beneficiary's action against group insurer for death benefit, deceased as a matter of law was not an employee of employer where he was killed when a railroad train struck car in which he was riding in the morning of the day on which at 3:30 p. m. he had been signed up to resume work after having been laid off, had become eligible for unemployment compensation benefits and all contractual relations with both employer and insurer had been severed, and before re-employment had actually commenced and insurance had been reinstated.

Appeal from Wayne; Callender (Sherman D.), J. Submitted April 14, 1943. (Docket No. 30, Calendar No. 42,308.) Decided May 19, 1943.

Assumpsit by Josephine Klym against Aetna Life Insurance Company of Hartford, Connecticut, on a group life insurance policy. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Dann & Atlas* and *Seymour Tilchin* (*Leslie D. Bloom,* of counsel), for plaintiff.

*Gerald E. Schroeder,* for defendant.

BOYLES, C. J. The sole question involved herein is whether one John Klym was an employee of the

Chrysler Corporation at the time of his death, August 2, 1939, and therefore covered by a group life insurance policy issued by the defendant insurance company. Suit was brought by the plaintiff as widow and beneficiary of John Klym, alleging him to have been an employee of Chrysler Corporation at the time of his death and therefore covered by defendant's group life insurance policy. On trial by jury, the court below at the close of the proofs granted defendant's motion for a directed verdict of no cause for action, and plaintiff appeals from judgment entered thereon.

The facts are not seriously in dispute. Since 1926 John Klym had been employed by Chrysler Corporation, with periods of unemployment or lay-offs. Chrysler employees were covered under a group life insurance contract issued by the defendant insurance company. On September 1, 1938, John Klym received a certificate as evidence of this life insurance in the amount of $3,000, payable in the event of death to plaintiff herein. The certificate contained the following provision:

"This insurance terminates whenever said member ceases to be an employee of the Chrysler Corporation."

On June 23, 1939, and again on July 11, 1939, after two days' employment, Klym was laid off for lack of work and his insurance terminated. On July 11th, Klym was cleared on the Chrysler Corporation payroll as laid off. "Left-service tickets" were issued and sent to the payroll department for final make-up of wages. Chrysler's permanent employment record shows that Klym was laid off on June 23d, and again on July 11th, and he last appeared on this record as an employee on July 11, 1939. After the "left-service tickets" were entered in the paymaster's department, Klym's record plate was

removed from the addressograph file; his defense bond, group insurance and rate record files were checked; the card showing the amount of insurance carried was removed, a notation made on the insurance cancellation form and this was forwarded to the central insurance office. No deductions were thereafter made for insurance premium. Insurance premium was paid only to July 11th. Approximately two weeks later, plaintiff was notified by postcard to return for work. About July 28th or 29th, he signed up to resume work with the company, to commence with the 3:30 p. m. shift on August 2d. He received what is known as a "one-day pass" permitting him to enter the plant not later than 3:30 p. m., August 2d. Plaintiff relies upon this pass as establishing the fact of employment and argues that Klym became an employee at the time it was issued, July 28th or 29th. Another workman, who accompanied Klym when this pass was issued and who was given a similar pass, testified:

"Exhibit 4 was given to me as a pass to enter the factory on August 2, 1939. * * * I know of my own personal knowledge that this was the pass given to John Klym, and that this slip is the call back to work. One of the clerks in the office made out the slip. Once we got that slip that was the end of it. We just went home and wait for the 2nd of August to go back to work."

The personnel man in charge of employment records and other problems of employment for Chrysler Corporation testified:

"When a man comes back, he reports to his foreman and he is then ready to go back to work. In order to get into the plant he needs either a badge or a badge pass. He can enter his department only on one of those passes or on a badge. The pass that

has been introduced in evidence, 82845, would definitely admit him to work and is set for the second shift and he is back on the payroll when he punches his card.''

On June 23, 1939, and again on July 11th, at which times Klym had been laid off, the State unemployment compensation commission was notified that Klym had ceased to be an employee of Chrysler Corporation and that he would be eligible for unemployment compensation benefits. There was also testimony that before Klym returned to work he would have to be rehired. He had been paid in full. He was not supposed to return to work until 3:30 p.m., August 2d, was not on the payroll, was not charged with or liable for payment of premium on insurance. Unless it can be said as a matter of law that his reemployment to begin at 3:30 p.m., August 2d, reinstated the insurance effective as of the morning of that day, plaintiff cannot recover. During the morning of August 2, 1939, John Klym was killed when a railroad train struck the automobile in which he was a passenger, entirely without any connection with his employment by Chrysler Corporation. Was he an employee of Chrysler Corporation at the time of his death?

It may be conceded that one may be an employee of another without actually being engaged in performing the work of the employer at the moment. One who is continuously employed and paid wages undoubtedly may for some purposes be considered the servant of the employer until laid off or discharged. That is not the situation in the case at bar. Nor have we before us a case where an employee ''punches out'' at the end of his shift of work under the mutual understanding with his employer that he is to return at the usual time of the next shift. In

modern industry workmen are often employed on a work-hour basis, and group policy life insurance protection unless terminated in accordance with the contract would doubtless be a continuous protection to the employee between shifts. We do not have that situation before us. Klym had been laid off on July 11th, his insurance terminated, his employment ended unless and until he was rehired, he was an unemployed person within the meaning of the unemployment compensation law as well as within the purport of the group insurance policy. At any time between July 11th and 3:30 p.m., August 2d, Klym was free to accept other employment without breach of any contract of employment with Chrysler Corporation. We are unable to distinguish the instant case from our recent decisions in *Klat* v. *Chrysler Corp.*, 285 Mich. 241, and *England* v. *Aetna Life Ins. Co.*, 285 Mich. 302. Those cases were based upon policies of group life insurance issued by the defendant herein covering employees of Chrysler Corporation. The facts were substantially the same as those in the case at bar. In both cases we held that the defendant insurance company was entitled to a directed verdict or judgment *non obstante veredicto*.

Affirmed, with costs to appellee.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSH-NELL, and SHARPE, JJ., concurred.