CHIODO v. WHITEHEAD & KALES COMPANY.

1. WORKMEN'S COMPENSATION—RE-EMPLOYMENT—FRAUD.
Alleged fraud of steelworker who had been injured in 1944 while employed by another employer and paid workmen's compensation therefor but failed to disclose such fact to defendant when it first employed him in May of 1947, which employment terminated in November, 1947, did not preclude an award of compensation for injury received after re-employment by defendant in February, 1948, where there is no proof that the re-employment was induced by representations made at time plaintiff was first employed in 1947.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation, § 335.
[1] Status as employee or servant as affected by misrepresentations in obtaining employment. 136 ALR 1124.
[2] 58 Am Jur, Workmen's Compensation, § 282 *et seq.*

2. Same—Steelworker—Total Disability—Evidence.

Award to steelworker of workmen's compensation for total disability, and medical and hospital expenses was proper where there was testimony that nerve and tissue damage from two operations would result in plaintiff's physical condition being worse than formerly and plaintiff testified that because of continuing pain, he has not been able to do manual labor since the injury received while employed by defendant.

Appeal from Workmen's Compensation Commission. Submitted January 12, 1950. (Docket No. 47, Calendar No. 44,490.) Decided April 13, 1950.

Anthony Chiodo presented his claim for compensation against Whitehead & Kales Company, employer, for injuries sustained while in its employ. Award to plaintiff. Defendant appeals. Affirmed.

*Milton R. Atlas* and *Seymour Tilchin,* for plaintiff.

*Ward & Plunkett,* for defendant.

Bushnell, J. Plaintiff Anthony Chiodo sustained an injury to his back while employed as a structural steelworker by the R. C. Mahon Company in 1944. Dr. Frederic Schreiber removed some loose fragments from the left sacral area. Chiodo received compensation for this disability and later made a lump-sum settlement with the Mahon Company. After working as a shirt salesman he returned to his structural steel trade.

In May of 1947, after being examined and questioned as to his physical condition, plaintiff entered the employ of defendant Whitehead & Kales Company. Subsequently he worked for others. On February 2, 1948, following another physical examination, he was re-employed by defendant. A few days later, while straddling a beam and driving a rivet, he lost his balance and felt a sharp pain in his back.

Later that day he slipped while carrying a heating forge weighing about 75 lbs.

Chiodo worked intermittently until prevented by the pain in his back and legs. He then reported the injury, and a physical examination resulted in the discovery of a scar from the 1944 operation. That same day, February 16, 1948, when Chiodo admitted the former injury and surgical treatment, he was discharged for "falsification of records." Later, Dr. Schreiber performed another operation in the same area of the former one. Chiodo has since been employed as a clothing salesman.

The employer's defense was that Chiodo fraudulently concealed his previous injury and receipt of compensation therefor.

The deputy commissioner awarded compensation for total disability from February 7, 1948, and medical and hospital expenses. This award was affirmed on review by the commission.

On appeal defendant renews the fraud question. It also argues that the award of continuing compensation is erroneous because plaintiff's physical condition was as good at the time of hearing as it had been when he resumed structural steel work after his first operation.

The fraudulent representations, if any, must be tested by the circumstances attending Chiodo's re-employment in February of 1948. See *Ganga* v. *Ford Motor Co.*, 250 Mich 247, and *Klym* v. *Aetna Life Ins. Co.*, 305 Mich 508. The only fraudulent concealment claimed was that of May 7, 1947. The employment so secured was terminated in November. In the absence of proof to the contrary it must be held that the employment in February of 1948 was not induced by the 1947 representations.

Dr. Schreiber, who performed both operations, testified that the second operation would lessen the possibility of herniation. He stated that Chiodo was

now just as able to do structural steel work as he had been after the first operation. It was his opinion, however, that the nerve and tissue damage from the 2 operations would result in Chiodo's physical condition being worse than formerly. Chiodo had testified that, because of continuing pain, he has not been able to do manual labor since the second injury.

The commission's finding is supported by the testimony, and its award is affirmed. Costs to appellee.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.