# CHARLESTON.

MIREL RADER v. COUNTY COURT OF ROANE COUNTY.

Submitted September 18, 1923. Decided October 2, 1923.

1. MASTER AND SERVANT —*County Court an "Employer," Within Compensation Act.*

 A county court is an employer within the meaning and letter of Chapter 15-P, Code; and is liable for negligent injury to its employees in the course of employment where it has failed to comply with the provisions of said chapter requiring payment by employers into the workmen's compensation fund. (p. 496).

2. SAME—*County Court Not Employer, Within Compensation Act, Unless it Employs Servants.*

But a county court is not an employer as defined by the statute unless it is engaged in industry, business, or work for the carying on of which it employs servants. (p. 496).

3. SAME—*County Court, Furnishing Road Contractors Machinery and Laborers, Not an Employer, Within Compensation Act.*

The mere fact that the defendant, a county court, is furnishing tools, machinery and laborers to road contractors engaged in the construction and repairing of a public highway, does not render it an employer under the act. (p. 496).

Case certified from Circuit Court, Roane County.

Trespass on the case by Mirel Rader against the County Court of Roane County. Demurrer to declaration sustained, and questions certified.

*Affirmed.*

*Wm. S. Ryan* and *Thos. P. Ryan,* for plaintiff.
*John W. Lance,* for defendant.

LITZ, JUDGE:

The plaintiff by this action, in trespass on the case, seeks recovery for personal injury sustained while in the defendant's employ, resulting from its alleged negligence. The demurrer to the declaration was sustained and the questions arising thereunder are certified here for review.

The declaration, containing but one count, after alleging that the plaintiff was injured while in the employ of the defendant as day laborer, "to dig, excavate and remove dirt and rock in building, repairing and constructing" a public road in Jackson county, (extending from Spencer to Billings), in attempting to crank a truck furnished him by defendant for the performance of such work, avers (by way of specification) that at the time of the injury the defendant "was assisting and helping Hot Rhodes and C. S. Meredith, doing business as Rhodes & Meredith, in performing a contract which they then had for the construction and repairing of said public road, and that *for said purpose said defendant was furnishing said truck,* tools, appliances and many workers, including plaintiff."

It is also charged, as constituting the alleged negligence of defendant, that the cranking apparatus of the truck was in bad repair and unsafe condition, (but "the exact part thereof so being out of repair and damaged is to the plaintiff unknown"), and that by reason whereof when the plaintiff "turned said crank and cranked the said truck and its engine in the ordinary and customary way, the same suddenly kicked back and struck plaintiff with great force and violence before the plaintiff had sufficient time to get out of the way." There is further averment that the defendant had not contributed as an employer to the workmen's compensatian fund, under Chapter 15-P of the Code.

That defendant is not liable as an *employer* for negligent injury to its servants in the course of their employment, is the sole ground relied on to sustain the demurrer. This conclusion rests upon the decisions that the county court is not answerable for negligence in the absence of statutory enactment fixing liability. *Watkins* v. *County Court*, 30 W. Va. 657; *Corrigan* v. *County Court*, 74 W. Va. 89; *Shipley* v. *County Court*, 72 W. Va. 658; *Douglas* v. *County Court*, 90 W. Va. 47.

The plaintiff concedes the common law rule, but points to its change by the workmen's compensation act, respecting the relation of master and servant, as therein defined.

Section 9, Chapter 15-P, Code, provides: "All persons, firms, associations and corporations regularly employing other persons for the purpose of carrying on any form of industry or business in this State, *county* and municipal *corporations,* the State of West Virginia, and all governmental agencies or departments created by it, are *employers* within the meaning of this act, and subject to its provisions. All persons in the service of employers *as herein defined* and employed by them for the purpose of carrying on the industry, business or work in which they are engaged * * * * are *employees* within the meaning of this act and subject to its provisions."

Under Section 26 of this chapter, "All employers subject to this act, the State of West Virginia excepted, who shall not have elected to pay into the workmen's compensation

fund the premiums provided by this act, or having so elected, shall be in default in the payment of same, or not having otherwise complied fully with the provisions of Section 24 of this act, shall be liable to their employees (within the meaning of this act) for damages suffered by reason of actual personal injuries sustained in the course of employment caused by the wrongful act, neglect or default of the employer or any of the employer's officers, agents or employees; and also to the personal representatives of such employees, where death results from such accidental personal injuries, and in any action by any such employee or personal representative thereof, such defendant shall not avail himself of the following common law defenses: the defense of the fellow servant rule; the defense of the assumption of risk; or the defense of contributory negligence; and further shall not avail himself of any defense that the negligence in question was that of some one whose duties are prescribed by statute.''

Only ''persons, firms and corporations employing others for profit, or for the purpose of carrying on any form of industry in the State'' were *employers* under the original act and subject to its provisions. Section 9, Chapter 10, Acts 1913.

The first amendment (Section 9, Chapter 10, Acts 1915) added to the list ''Associations''; and the second amendment, (Section 9, Chapter 10, Acts 1919), changing the law to its present form, includes ''*county* and municipal *corporations,* the State of West Virginia and all governmental agencies or departments created by it.''

The defendant being a (county) corporation, (Section 1, Chapter 39), comes strictly within the statute, and would, therefore, be liable for negligent injury to its employees in the course of employment where it has not paid into the compensation fund as charged in the declaration. But was the defendant an *employer* within the meaning of the act?

In no sense was it ''engagegd'' in ''the industry, business or work'' for the ''carrying on'' of which the plaintiff was employed; but ''was (merely) furnishing (to the ''employers'') said *truck,* tools, appliances, and many workers, in-

cluding plaintiff.'' There is no charge that defendant either exercised any control or supervision in the execution of the work, or assumed any duty in relation to the use of the equipment or service of the workers. The declaration states that the plaintiff does not know upon what conditions the defendant was furnishing the equipment and laborers to the contractors who were engaged in the work. It is not even averred that plaintiff was being paid for his services by defendant.

The facts stated neither make the defendant an *employer* of plaintiff, nor the plaintiff an *employee* of the defendant; and the mere allegation of such relation between the parties is a conclusion of law, without legal force. As was said in the case of *Smith* v. *Donald Coal Company,* 92 W. Va. 253, 115 S. E. 477, it is the function of a declaration to set forth facts, not law, arguments or conclusions. ''The allegation of a duty is superflous where the facts show a legal liability, and it is useless where they do not.'' *Thomas* v. *Electric Co.,* 54 W. Va. 395, 398, citing 1 Chitty, Pleading, 296.

. In view of our conclusion that the relation of *employer* and *employee* did not exist between plaintiff and defendant, we do not decide whether the alleged manner in which the accident occurred makes out a case of unsafe machinery, without specifying defective parts, or imperfect adjustment, of the cranking equipment of the truck.

The ruling of the circuit court sustaining the demurrer will therefore be affirmed.

*Affirmed.*