LILLIAN CHAPMAN BOICE, *Etc. v.* BOARD OF EDUCATION OF
ROCK DISTRICT, *et al.*

(No. 7021)

Submitted September 15. 1931.   Decided September 22, 1931.

*W. Cody Fletcher* and *H. E. DeJarnette,* for appellant.
*French, Easley, Easley & French,* for appellees.

HATCHER, JUDGE:

In this, a suit in chancery, the plaintiff is an infant of tender years, who claims to have been injured through the careless operation of a school bus, which was returning her from a public school to her home.   The board of education operated the bus, and carried indemnity insurance against loss and expense from claims against it arising from such operation. The plaintiff seeks to enjoin the board from setting up the defense of governmental agency to her claim and to recover herein damages for her injury from the insurance company.   A demurrer to the bill was sustained by the circuit court and plaintiff secured this appeal.

Plaintiff's brief admits that the weight of authority does not permit recovery at law from a board of education for personal injuries caused by the negligent operation of a school

bus. But the brief takes the following position: "In securing the contract of indemnity, etc., from the Bonding Company and paying the premium therefor out of the school fund, the Board stepped down from its pedestal of immunity pro tanto. It also created a fund in the nature of a trust fund for the protection and benefit of the plaintiff and others." In weighing this position, it is pertinent to consider why the board is ordinarily immune. Its immunity in this jurisdiction arises from the consideration that it is a governmental agency engaged in governmental duties, imposed by law for the benefit of the public, and for the performance of which it receives no profit. See *Kruitili* v. *Bd. of Ed.*, 99 W. Va. 466; 35 Cyc. 971; 19 R. C. L., p. 1124, sec. 402; annotation 9 A. L. R. 911. This doctrine is applied specifically to transportation cases in *Harris* v. *Salem School District*, 72 N. H. 424; *Allen* v. *Ind. Sch. Dist.*, 173 Minn. 5, 216 N. W. 533; and *Cons. Sch. Dist.* v. *Wright*, 128 Okla. 193, 261 Pac. 953, 56 A. L. R. 152.

As the board is purely a statutory creation, it has no authority to change in any way the mold in which it was fashioned by the legislature. It cannot alter the fact that it is a governmental agency; neither can it "step down from its pedestal of immunity", for that immunity is incident to a governmental agency. Such a recession must come from the legislature and not from an act of the board, and we have no statute affecting the situation.

The brief, by analogy, relies on *Dunlop* v. *Dunlop*, (N. H.) 71 A. L. R. 1055, in which it was held that a father who had virtually emancipated his son and otherwise discarded the parental mantle of immunity was liable to the son in damages for a personal injury. That case fails in analogy because the father had the right to abdicate his common law status; but the board of education has no such right.

Under the terms of the insurance policy the insurer is not liable directly to a claimant until after recovery of judgment by the claimant against the insured. This plaintiff, therefore, cannot proceed in advance of such a judgment, directly against the insurance company. See *Criss* v. *Guaranty Co.*, 105 W. Va. 380, 383, and cases there cited.

The brief would support equity jurisdiction on the ground that plaintiff has no remedy at law, saying: "The high court of chancery was created for the purpose of giving relief where the machinery of the law courts was inadequate. 'Equity will not by reason of a merely technical defect, suffer a wrong to be without a remedy.' Hogg's Equity Principles, Section 319." Plaintiff's assertion is correct, but it does not support her suit. Her obstacle is not *a technical defect* or the *inadequacy of legal remedy*, but the want of legal right. The limitation of a court of equity in this respect is tersely expressed in 21 C. J., p. 40, sec. 14, as follows: "Of course when the law, out of consideration of public policy denies a remedy, equity cannot grant one." Accord: *Adams* v. *Murphy*, 165 Fed. 304, 309; Adams Eq. (2nd Am. Ed.), Introduction xxxiv; Beach, Mod. Eq. Juris, sec. 1; Pomeroy Eq. Juris. (4th Ed.), sec. 47.

The ruling of the circuit court is accordingly affirmed.

*Affirmed.*