ENGLAND *v.* ÆTNA LIFE INSURANCE CO.

1. INSURANCE—GROUP POLICY—PRESUMPTION AS TO CONTINUANCE OF EMPLOYMENT—EVIDENCE—DIRECTED VERDICT.

Presumption of continuation of employment by employee who had been insured under a group life insurance policy, relied upon by beneficiary as arising from a showing insurance became effective in October, that plaintiff was beneficiary named in the insurance certificate, that employee-insured was employed by employer-insured on next August 9th and that he died on following September 1st *held*, to have been overcome by various records of employer so as to require direction of verdict for insurer on question of whether termination of employment had occurred prior to September 1st, in absence of conflicting or contradictory testimony offered by plaintiff.

2. EVIDENCE—PRESUMPTIONS.

Distinct and positive testimony by unimpeached and uncontradicted witnesses should be credited and have the effect of overcoming a mere presumption.

3. SAME—UNCONTROVERTED EVIDENCE—DIRECTION TO JURY.

When all the evidence upon the point, on both sides, tends clearly to prove and, if true, does prove a fact, and there is none to cast a doubt upon it, such fact may, and generally should, be assumed as proved; and the jury should be told that there is no evidence from which they can find against the fact as proved.

4. INSURANCE—GROUP POLICY—TERMINATION OF EMPLOYMENT—DIRECTED VERDICT.

In action by beneficiary under certificate issued by group insurer where evidence clearly shows there was a termination of employment during layoff for change of models after which he would have to be rehired and that the employee-insured had knowledge that if his insurance was to be kept in force he had to do some affirmative act to that end and failed to do it, trial court should have directed a verdict for insurer.

Appeal from Wayne; Callender (Sherman D.), J. Submitted April 12, 1938. (Docket No. 77, Calendar No. 39,989.) Decided June 30, 1938.

Assumpsit by Verla England against Ætna Life Insurance Company on a group life insurance policy. Verdict and judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Albert Summer,* for plaintiff.

*Gerald E. Schroeder* (*L. S. Miel,* of counsel), for defendant.

SHARPE, J. This is an action in assumpsit by Verla England as plaintiff to recover $3,000 insurance claimed due her as beneficiary in certificate No. M–62680 issued to William M. England under a group policy issued by defendant insurance company to the Chrysler Corporation May 1, 1929.

England worked for the Dodge Brothers Division of Chrysler Corporation to and including August 9, 1935, when he was "laid off" because the department was shut down for the purpose of changing models. When England was "laid off" his immediate foreman Richardson told him that he was being laid off; and that he should get a tool clearance and pay up his insurance. Later in the day England told Richardson that he had been down to pay up his insurance, but had not done so because there were too many waiting in line and because he was in a hurry to get started for the State of Tennessee.

When the cause came on for trial plaintiff's testimony was limited to a showing that the insurance above referred to had been issued and was effective as of October, 1934; that plaintiff was the beneficiary named in the insurance certificate; that England was

employed by the Chrysler Corporation on August 9, 1935; and that he died September 1, 1935.

The defendant introduced evidence that England's services with the Chrysler Corporation were terminated on August 9, 1935.

At the close of all the proof, plaintiff moved for a directed verdict and contended that the insurance did not automatically terminate; that the insured had 31 days grace to pay the premium; and that the insured was temporarily laid off and his employment did not terminate when he was laid off.

Defendant made a motion for a directed verdict upon the theory that the employment of England was terminated by the Chrysler Corporation on August 9, 1935, and the failure of England to take affirmative steps to keep the insurance in force precludes recovery.

The trial court deferred decision on both motions and submitted the cause to the jury under the following instructions:

"Some of the witnesses were permitted to testify that in their opinion the layoff of Mr. England at that time was permanent. That does not make it so. That is only opinion evidence, and whether or not it was a termination of the employment is a question of fact for you to determine, and not for any witness who had been produced. I charge you, members of the jury, that in a determination of that first controverted question of fact, whether there was a termination of employment, you will determine from all the surrounding circumstances, the written documents which are in evidence, and from a consideration of whether or not there was a meeting of minds of the employer and the employee at that time upon the proposition, what was said and what was done you are to consider in your determination of what was meant by both parties, by what was done at the time,

* * * and that, members of the jury, is the first issue of fact which you are to determine, the character of the cessation of work of Mr. England. Was it or was it not a termination of employment?"

A verdict was given in favor of plaintiff upon which judgment was entered. Defendant thereupon made a motion for a new trial; and upon refusal by the trial court to grant the same, defendant appeals.

The principal question in this case relates to the termination of England's employment. The master policy provides among other things:

"Individual Terminations—The insurance of any employee shall automatically cease when the employee fails to make the required premium contribution, or upon termination of employment; except that if any employee is absent on account of sickness or injury, temporarily laid off, granted leave of absence, pensioned or retired, his insurance shall continue until it is terminated by the employer."

In October, 1934, a certificate of insurance was issued to England after he had signed the following application:

"I hereby apply for life insurance in the amount of $3,000, and sickness and accident insurance in the amount of $21, weekly benefit, in accordance with the terms of the group policies issued to my employer; and in consideration of the issuance of this insurance to me I authorize the deduction of $1.54 per pay from my wages, and I authorize the cancellation of my interest in the insurance and industrial association funds upon termination of my employment by causes other than death or sickness."

We have examined the record carefully and the following facts appear to be well established: Mr. Richardson, England's foreman, told England he was

being laid off and to go and fix up his insurance. The lay off was permanent because of a change in models and if England returned to work he would first have to be rehired. General foreman Knight sent a recommendation to the employment department that England be laid off. Mr. Blue, the employment manager, placed his O. K. on the recommendation concerning England and cleared him from the employment rolls and executed a *left service ticket* the purpose of which was to inform the paymaster that England was cleared from the rolls as of August 9, 1935, and that a final pay check should be made for him which would be available on pay day. The left service ticket was made on August 12, 1935, and sent to the paymaster on the same date. One Mike Lutzen, paymaster of the Dodge Brothers Division of Chrysler Corporation, upon receipt of the left service ticket, took England's plate (addressograph) out of his file, transferred his rate record into the dead file and cancelled his insurance. A cancellation form was issued for the purpose of cancellation of group insurance and was sent to Mr. Slattery, the home office representative of the insurance company, on or about August 15, 1935. No premium was paid by Mr. England to carry his insurance in force and effect subsequent to August 9, 1935. Mr. England's clock card showed that the last day he worked was August 9, 1935; that his gross pay check was $34 less 66 cents insurance deduction. A check for $33.34 was issued to Mr. England. The insurance deduction of 66 cents paid the insurance to August 9, 1935.

It also appears that there was no conflict in the testimony offered by the defendant on any material issue, nor was there any testimony offered by plaintiff to contradict or disprove any of the records offered in evidence by the defendant. It is our opinion

that the evidence offered by defendant overcame the presumption of continued employment relied upon by plaintiff. The trial court was in error in submitting to the jury the question of whether the employment of England had been terminated.

In *Christiansen* v. *Hilber,* 282 Mich. 403, 407, we said:

" ' It would have been an idle ceremony, under the evidence, to have submitted the case to the jury, for the direct, positive and uncontradicted evidence presented an issue of law for the court and not an issue of fact for the jury.' * * *

"It is the general rule that 'where unimpeached witnesses testify distinctly and positively to a fact and are uncontradicted, their testimony should be credited, and have the effect of overcoming a mere presumption.' *Elwood* v. *Western Union Telegraph Co.,* 45 N. Y. 549 (6 Am. Rep. 140); *Barr* v. *Guelph Patent Cask Co.,* 129 Mich. 278.

" ' When all the evidence upon the point, on both sides, tends clearly to prove, and, if true, does prove a fact, and there is none to cast a doubt upon it, such fact may, and generally should be, *assumed as proved;* and the jury should be told that there is no evidence from which they can find against the fact as proved.' *Druse* v. *Wheeler,* 26 Mich. 189, 196.''

In the case at bar the testimony offered by defendant clearly shows that there was a termination of employment; that England had knowledge of the fact that if his insurance was to be kept in force he had to do some affirmative act to that end. The trial court should have directed a verdict for defendant. *Lendberg* v. *Brotherton Iron Mining Co.,* 75 Mich. 84.

The judgment of the trial court is reversed without a new trial. Defendant may recover costs.

WIEST, C. J., and BUTZEL, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.