JOHN CHARLES UTZ, *An Infant, etc. v.* THE BOARD OF EDUCATION OF COUNTY OF BROOKE *et al.*

(CC 686)

Submitted April 4, 1944. Decided May 23, 1944.

*James R. Wilkin* and *Handlan, Garden, Matthews & Hess,* for plaintiff.

*C. K. Jacob, W. S. Wilkin* and *Ira J. Partlow,* Acting Attorney General, for defendants.

KENNA, JUDGE:

This action of trespass on the case was instituted in the Circuit Court of Brooke County by John Charles Utz, an infant, who sued by Edward Utz, his next friend, against the Board of Education of the County of Brooke, Henry Clemens and Steve Yandrich, for the purpose of recovering for a personal injury allegedly suffered by the plaintiff due to the negligent operation of a school bus owned and controlled by the Board of Education and operated by the defendant Henry Clemens, its employee, and the concurrent negligence of the defendant, Yandrich, the driver of a passenger car that struck plaintiff's ward. The Board of Education appeared and demurred to the declaration, the Circuit Court overruled the demurrer, certifying to this Court questions of law, which we believe may be stated as follows:

> 1. Is the Board of Education, under the circumstances alleged in the declaration and amplified by a stipulation of facts contained in the order overruling the demurrer, exercising a governmental function and therefore immune from tort liability?

> 2. Has the Board of Education, by its negligent conduct following the injury, by which it permitted to become ineffective an insurance policy that otherwise would have fully guarded the plaintiff's right of recovery, become estopped to defend on the ground of its legal immunity?

While the question is not raised nor certified, and therefore is not passed upon, we wish to comment upon the fact that in dealing with the demurrer the circuit judge considered as allegations of fact, matters that did not appear upon the face of the declaration, the sufficiency of which it was the sole purpose of the demurrer to test. There was considered as a part of the declaration brought within the scope of the demurrer by stipulation, matters of fact appearing from the court's memorandum setting forth his reasons for overruling the demurrer and made a part

of the record as a final order, and also facts which were established in a declaratory judgment proceeding involving the same cause of action between the same parties. The final order contained no statement of the facts considered by the trial court as though alleged in the declaration, but did contain a general reference thereto as being the facts shown by the named memorandum and by the declaratory judgment proceeding to which reference has been made. The declaratory judgment proceeding is not made a part of the record now before us, although, as stated, the memorandum prepared by the trial judge has been made a part of this record. In our view of the substantive questions that are reached in this case, the method of procedure followed by the trial court does not affect the result. However, we do not wish to be understood as approving what we regard as an improper enlargement of the scope of a declaration. A declaration must contain allegations of the constituent facts which show a right of action, clearly stated, so that an issue going to the right to recover is joined if any one of them is traversed. It is, of course, quite true that the parties may stipulate concerning matters of fact to be considered as such, to be submitted to a jury or considered by a chancellor. They cannot, however, by stipulation or otherwise, cause facts not pleaded to be treated as though they had been, upon considering a demurrer which has the effect of measuring the legal sufficiency of the paper at which it is aimed. We have examined the discussion of profert and oyer as introducing matters which may be considered upon demurrer contained in the case of *Hall* v. *Harvey Coal & Coke Co.*, 89 W. Va. 55, 108 S. E. 491, as well as the case of *Smith* v. *Wolsiefer*, 119 Va. 247, 89 S. E. 115, (see also, Note, 137 A. L. R. 483) and are of the opinion that it would endanger the logical result of pleadings to extend the theory to which reference is made in those two cases. We do not wish to be understood as approving the practice followed in making the record before us.

It will be noted that the certified questions in no way relate to the individual defendants Clemens and Yandrich, and for that reason our decision here will affect the legal position of neither.

It is conceded that prior to the enactment of Chapter 60 of the Act of 1935, Code, 18-5-13, a Board of Education was not liable for damages for personal injury negligently inflicted by its employee, nor could a Board of Education, by its act, affect its own status as an instrument of government. *Board of Education, etc.* v. *Commercial Casualty Insurance Company,* 116 W. Va. 503, 182 S. E. 87. Therefore, in order to respond to the questions certified, the controlling matter to be considered is the effect of the 1935 Act just cited.

The act in question reads as follows:

"The boards, subject to the provisions of this chapter and the rules and regulations of the state board, have authority:

\* \* \*

(7) to provide at public expense for insurance against the negligence of the drivers of school busses, trucks, or other vehicles operated by the board; and if the transportation of pupils be let out to contract, then the contract therefor shall provide that if the contractor shall carry insurance against negligence in such an amount as the board shall specify."

It will be at once seen that the act is not mandatory. It confers upon Boards of Education authority or discretionary power to provide insurance "against the negligence of the drivers of school busses, \* \* \*". It will be further observed that the insurance authorized is not that of indemnity against the liability of Boards of Education. It specifically covers only the negligence of drivers. The driver's individual liability could not be questioned. Without conceding that the Legislature has the power to grant the right to sue an arm of the State Government, we are of the opinion that exercise of that

power does not appear to have been a part of the legislative intention shown by the act under consideration. We believe that it clearly appears that the legislative intention was to protect school children in particular, and the public at large in general, against financial loss due to the negligent conduct of the designated employees of Boards of Education, among whom are the drivers of school busses. We believe that the act in question, liberally construed, cannot be extended by necessary, or clear, implication so that it would constitute a legislative abolition of immunity. We do not mean by that observation to hold that an express immunity from liability can be impliedly abolished, but simply to state that even argumentatively conceding that that result could be so brought about, we do not believe that the legislation under consideration would fall within that rule. If we thought the question were before us, our present inclination would be to hold that if the Legislature had that power affecting a constitutional part of the State Government, the only effective exercise of that power would be by a clearly expressed enactment.

As a result of the above holding, the second question certified must be answered, although the trial judge, in overruling the demurrer in consequence of the first question, deprived the second question of its materiality and indicated in his written opinion that, if necessary, he would hold that the Board of Education was not estopped.

The conduct of the Board of Education that is depended upon as creating an estoppel to assert its immunity was brought about by the fact that it carried insurance upon the bus that was involved in the accident of which plaintiff complains, as well as upon other busses operated under its supervision. The policies all bore the usual provision that the insurer should be notified of any threatened liability under the policy within a reasonable time of its accrual. The Board of Education did not notify the insurer of the bus driven by Clemens, but as a result of a clerical mistake it did notify the insurer of one of its other busses.

It is clear to us that the second question certified must be answered in the negative. The case of *Boice* v. *Board of Education, etc.,* 111 W. Va. 95, 160 S. E. 566, decided that the operation of a bus for the conveyance of pupils to and from school was the performance by a board of education of a governmental function. The case of *Board of Education, etc.* v. *Commercial Casualty Insurance Company,* 116 W. Va. 503, 182 S. E. 87, and the *Boice* case, have determined that a county board of education cannot, by its intentional, affirmative action, remove itself from the category of government instrumentalities while performing governmental functions. This holding impels the conclusion that a board may not attain the same result by a negligent failure to act.

The first question certified is answered in the affirmative and the second in the negative, and the case is remanded to the Circuit Court of Brooke County for the purpose of entering an order sustaining the demurrer to the declaration.

*Reversed and remanded.*