Lucia S. Petros

*v.*

George M. Kellas, *et al., Trustees, etc., et al*
and
George Pete Petros

*v.*

George M. Kellas, *et al, Trustees, etc., et al*

(No. 12102)

Submitted September 19, 1961. Decided October 24, 1961.

620

*Goodwin, Mead & Goodwin,* for plaintiff in error.

*W. Frank Keefer, Handlan, Garden, Matthews & Hess, Clowes, Ruckman, McDermott & Ewing,* for defendants in error.

HAYMOND, PRESIDENT:

These actions of trespass on the case were instituted in the Circuit Court of Ohio County February 8, 1960. In each action an original declaration was filed March 9, 1960 and an amended declaration was filed June 30, 1960; and these pleadings became a part of the record in each case prior to July 1, 1960, the effective date of the West Virginia Rules of Civil Procedure for Trial Courts promulgated by this Court October 13, 1959. By written stipulation of counsel the same material facts are involved in both actions; and by order entered March 2, 1961, the actions were consolidated to enable the plaintiffs to apply to this Court for a writ of error, which was granted March 27, 1961, to the final judgment rendered by the circuit court August 5, 1960.

In one action the plaintiff Lucia S. Petros, the wife of George Pete Petros, seeks to recover from the defendants George M. Kellas, Mike Grammen, George D. Faller and George Litis, individually and as Trustees of the Hellenic Orthodox Church of St. John the Divine, who will be designated as the trustees, and Edward F. McKee, Albert L. Kress and Hal T. Kain, individually and as the Board of Commissioners of the County of Ohio, a corporation, and as the County Court of Ohio County, who will be designated as the county court, damages for personal injuries allegedly caused by the negligence of the defendants. In the other action the plaintiff George Pete Petros, the husband of Lucia S. Petros, seeks a recovery against the same defendants for medical expenses incurred by him and loss of consortium of his wife which resulted from her injuries. Inasmuch as the questions for decision are identical in each case and the record in the case instituted by the husband has not been presented to this Court, this opinion will deal with and be confined to the case instituted by the wife, Lucia S. Petros, who will be referred to as the plaintiff.

The facts to be considered in the decision of the questions here involved, as disclosed by the record,

and which were considered by the circuit court in its decision, are set forth in the original declaration, the amended declaration, and the written answers of the attorney for the plaintiff to certain questions propounded to him by the circuit court in its written memorandum.

By a written agreement dated January 30, 1956, the trustees leased to the county court the basement and the second and third floors of a three-story building located at 2215 Chapline Street in Wheeling, West Virginia, known as St. John's Greek Orthodox Church building, for a period of one year from February 1, 1956, at a monthly rental of $950.00, with an option for its renewal by the county court for additional periods of one year until the completion of the proposed new county courthouse. The leased property was owned by the trustees and the lease provided that the parties should have common use of its front and rear entrances, the lobby and the hallway on the first floor, and the stairways in the front and rear of the building. The county court used the leased portion as a temporary county courthouse and as offices for the various county officers, including the sheriff, the county clerk, the circuit clerk, the assessor, and the judges of the courts of Ohio County, until the first day of February, 1960; and the trustees continued to occupy other parts of the building. The county court agreed to make all repairs, to keep the premises in good order and repair, to save harmless the trustees and to pay all damages suffered by any person upon the premises at any time during the term of the lease. The lease contained numerous other provisions which are not material in the decision of this case.

On April 12, 1960, the county court filed its written demurrer to the original declaration. The principal grounds in support of its demurrer were that the allegations of the declaration showed that the county court in its occupancy of the building used it as a temporary county courthouse and in so doing was engaged in the exercise of a governmental function and

for that reason was not liable for any negligence which occurred while it acted in that capacity; and that the plaintiff was guilty of contributory negligence as a matter of law.

On May 16, 1960, pending action on the demurrer, the circuit court, by a written memorandum, requested the attorney for the plaintiff to answer questions concerning the location of the stairway and the place where the plaintiff fell; and on May 18, 1960, the attorney for the plaintiff presented and filed written answers to the questions propounded by the circuit court. On May 24, 1960, after examining the original declaration and considering the answers given by the attorney for the plaintiff, the circuit court, in a written memorandum in connection with the demurrer, indicated that some of the material facts in the declaration were inconsistent with the facts set forth in the answers and that if the declaration and the answers could be read together a demurrer to the original declaration in behalf of all the defendants should be sustained. The circuit court also found that when the plaintiff was injured the steps were under the control of the county court and used by it in conjunction with other parts of the building exclusively as a public courthouse and that, for that reason, there could be no recovery against the county court or its individual members. By order entered June 8, 1960, the circuit court sustained the demurrer of the county court to the original declaration.

The amended declaration alleged that on February 24, 1959, the plaintiff, a citizen of Ohio County, in attempting to descend the stairway which connected the second and the third floors of the building, for the purpose of transacting business with the county officials occupying space in the building, slipped and fell upon the stairway and sustained permanent injury to her person. It charged that due to and as a proximate result of the negligence of the defendants the plaintiff, in the exercise of reasonable care for her own safety and without knowledge of the faulty condition of the

stairway, attempted to descend the stairway; that by reason of the extreme narrowness of its treads she was unable to obtain a solid footing on the steps and by reason of an overhanging extension of each tread she could not place her foot solidly on the step below; that by reason of the wet, smooth, worn and slippery surface of such treads her foot slipped from a lower step and she lost her balance and fell; that by reason of the failure of the defendants to provide any banister or handrail by which she could brace herself, and the negligent and defective construction of the stairway, she was caused to fall down the stairway and her body came in contact with various steps and the hard surface of the stairway; and that by reason of the force and momentum of her fall she was permanently injured in and about various parts of her body.

The written answers of the attorney for the plaintiff in response to the questions propounded by the circuit court in its written memorandum of May 16, 1960, state in substance the following facts in connection with the injury to the plaintiff: The plaintiff fell on the front stairway in the temporary county courthouse which leads from the first floor to the mezzanine floor where the office of the sheriff was located, and from the mezzanine floor to the second floor where the offices of the county clerk, the circuit clerk and the assessor were located. The stairway is a circular structure. Between the first floor and a platform there are six steps; between the platform and the mezzanine floor where the office of the sheriff was located there are thirteen steps; and between the mezzanine floor and the floor above it there are ten steps. The plaintiff fell down the ten steps and she slipped from the first or the second step below the level of the floor on which the office of the county clerk was located. In the section of the stairway where the ten steps are located there is a plain wall but no handrail on the south side of the stairway. On the north side of the ten steps of the stairway there is a metal handrail which continues down the next thirteen steps on the

south side and down the next ten steps on the west side. There is no handrail on the south side of the ten steps, or on the north side of the thirteen steps, or on the east side of the six steps. The ten steps down which the plaintiff fell are constructed of composition material which resembles concrete, terrazzo or some very smooth hard material. The treads are rounded and were wet and slippery when the plaintiff was injured. The ten steps have no covering material; but the thirteen steps below the ten steps are covered with a rubber corrugated tread. When she fell the plaintiff was descending the ten steps on the side near the wall, there were other persons between her and the metal handrail on the opposite side of the stairway, and the stairway was wet, smooth and slippery. The steps where the plaintiff fell are rounded and have a very narrow tread for the foot of a person descending them, and the plaintiff fell down the lower eight or nine steps from the floor where the office of the county clerk was located to the lower floor where the office of the sheriff was located.

After the effective date of the new Rules of Civil Procedure the circuit court applied and the defendants followed the procedure provided by the new rules. Pursuant to notice to the plaintiff the defendant county court, on July 6, 1960, filed its motion to dismiss the action on the ground that the amended declaration failed to state a claim against it upon which relief could be granted. The defendant trustees, on July 13, 1960, filed a similar motion to dismiss and an answer and cross-claim against the county court based upon the provision of the lease that the county court should save harmless the trustees and pay all damages suffered by any person upon the premises at any time during the term of the lease, and filed the lease as an exhibit with the answer and cross-claim.

On July 18, 1960, this action was heard upon the motions of the defendants to dismiss, at which time the circuit court considered the matters of fact and law arising upon the motions to dismiss, the original

declaration, the demurrer of the county court, the memorandum of the circuit court, the written answers to the questions propounded by the memorandum, and the amended declaration, all of which were filed and made a part of the record. Upon consideration of the pleadings and the other matters outside the pleadings, presented and not excluded, upon the admissions of counsel during the argument, and upon the demurrer and the motions, the circuit court treated the motions to dismiss as motions for summary judgment, and nothing further having been presented to the circuit court for its consideration, the circuit court found that, as the county court was in control of the steps and other parts of the building used by it exclusively as a public courthouse, no recovery could be had by the plaintiff against the county court or its individual members. The circuit court also found that the plaintiff assumed the obvious risks out of which her injuries arose, or, in any event, was guilty of contributory negligence in not using reasonable care for her own safety in descending the steps, that no recovery could be had by the plaintiff against any of the defendants, that no genuine issue had been presented in the action, and that the motions to dismiss should be sustained; and by order entered August 5, 1960, rendered summary judgment of dismissal.

After the circuit court had reached and announced its decision to dismiss this action but before the order to that effect was entered, the attorney for the plaintiff by written motion urged the circuit court in the event such order should be entered, to reconsider any findings of fact and conclusions of law made by the circuit court and to grant the plaintiff a rehearing, to set aside any judgment for the defendants, and to grant the plaintiff a trial by jury; that all findings of fact and conclusions of law, contrary to the pleadings and without any testimony, be set aside; and that the action be tried by a jury in accordance with the legal rights of the plaintiff. By its memorandum of opinion filed September 29, 1960, the circuit court denied

the motion and directed the preparation of a judgment order in accordance with its previously announced opinion. The attorney for the plaintiff then moved in writing that, inasmuch as this action was pending and the amended declaration was filed before the adoption of the West Virginia Rules of Civil Procedure, the circuit court, by order, direct that the procedure in effect prior to July 1, 1960 be followed in this action. This motion the circuit court denied by order entered December 10, 1960. After the expiration of the term of office of the judge who had entered the judgment of dismissal and denied the foregoing motions, the attorney for the plaintiff, on January 3, 1961, again moved in writing that the circuit court reconsider its previous action in sustaining the motions of the defendants to dismiss and to reconsider its previous ruling that the plaintiff was guilty of contributory negligence, that the plaintiff be permitted to introduce evidence, and that the case be tried by a jury. By order entered February 8, 1961, the circuit court denied the motion and refused to set aside the judgment of dismissal in favor of the defendants.

By her assignments of error the plaintiff complains of the action of the circuit court (1) in applying in this action the new Rules of Civil Procedure after their effective date, instead of following the rules of procedure which existed before July 1, 1960; (2) in sustaining the motions of the defendants for summary judgment; and (3) in refusing to grant the plaintiff a trial by jury in this action.

Rule 86 of the new rules provides that those rules shall take effect on July 1, 1960, and that they shall govern all proceedings and actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former rules of procedure should apply. Under the provisions of Rule 86 the new rules govern all further proceedings

in actions pending when they take effect unless in the opinion of the trial court their application would not be feasible or would work injustice and as to such pending actions the court is authorized to determine whether the new rules would not be feasible or would work injustice. Aside from the contention that the plaintiff was entitled to a trial by jury the plaintiff did not indicate to the circuit court how or to what extent the application of the new rules would not be feasible or would work injustice in the trial of the action. Nothing in the record indicates that application of the new rules was not feasible or that injustice resulted from the action of the circuit court in applying them in this action after they became effective; and in the absence of a showing of lack of feasibility or resultant injustice this Court will not disturb the action of that court in applying the new rules in this action after they became effective.

Rule 12(b), to the extent here pertinent, provides that every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted; and (7) failure to join an indispensable party; and that, if, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.

Rule 56, relating to summary judgment, to the extent here pertinent, contains, among others, these provisions:

"(a) *For Claimant.* A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 30 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

"(b) *For Defending Party.* A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

"(c) *Motion and Proceedings Thereon.* The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

The undisputed facts disclosed by the record, which include the allegations of the original declaration and the amended declaration and the written answers in behalf of the plaintiff requested by the circuit court, which were given voluntarily and without objection, show beyond question that in the use and occupancy of the portion of the building in which the plaintiff was injured the defendants county court and its individual members were engaged in the discharge of a purely governmental function. For this reason those defendants were immune from liability for any personal injuries which were proximately caused by their negligence while they were so engaged. Neither the plaintiff nor any of the defendants upon the motions

for summary judgment introduced, or offered to introduce, as they were permitted to do under the provisions of Rule 56, by affidavits, depositions or otherwise, any new, additional or disputed facts to change, supplement or enlarge the facts disclosed by the record and considered by the circuit court, or to controvert the showing that the acts of the defendants county court and its individual members were performed in the exercise of a governmental function, or that the conduct of the plaintiff at and immediately before she sustained the injury of which she complains did not constitute contributory negligence or assumption of risk. In that situation the circuit court was justified in determining the motions for summary judgment on the undisputed facts disclosed by the record. By decisions of the Federal Courts relating to Rule 56 of the Federal Rules which is practically identical with Rule 56 of the West Virginia Rules of Civil Procedure, it is well settled that to resist a motion for summary judgment the party against whom it is made must present some evidence to indicate that the facts are in dispute when the evidence of the moving party shows no disputed facts, and that the mere contention that the issue is disputable is not sufficient. *Berry v. Atlantic Coast Line Railroad Company*, 4th Circuit, 273 F. 2d 572; *Zoby v. American Fidelity Company*, 4th Circuit, 242 F. 2d 76.

It is well settled generally, and by many decisions of this Court, that a public corporation, such as a municipal corporation, a board of education or a county court, is not liable at the suit of an injured person for damages for personal injuries caused by its negligence in the performance of any duty enjoined upon it by law, unless an action by the injured person is expressly or by necessary implication given by statute. See *Ward v. The County Court of Raleigh County*, 141 W. Va. 730, 93 S. E. 2d 44; *Hayes v. The Town of Cedar Grove*, 126 W. Va. 828, 30 S. E. 2d 726, 156 A.L.R. 702; and the many cases cited in the opinions in those cases; 5 Michie's Jurisprudence, Counties,

Section 84; 20 C.J.S., Counties, Section 215; 14 Am. Jur., Counties, Section 48.

In the *Ward* case, in which this Court recognized the liability of a county park board, a public corporation, for personal injuries negligently inflicted while it was acting in a proprietary capacity as distinguished from the discharge of a governmental function, the opinion contains this language: ''In *Bradfield v. Board of Education of Pleasants County, et al.,* 128 W. Va. 228, 36 S. E. 2d 512, it was held that the defendant 'is not liable for injuries caused by the negligence of its employees while engaged in the performance of a governmental function'. See *Utz v. Board of Education of County of Brooke, et al.,* 126 W. Va. 823, 30 S. E. 2d 342; *Board of Education of the County of Raleigh v. Commercial Casualty Insurance Co.,* 116 W. Va. 503, 182 S. E. 87; *Boice v. Board of Education of Rock District, et al.,* 111 W. Va. 95, 160 S. E. 566; *Krutili v. Board of Education, Butler District,* 99 W. Va. 466, 129 S. E. 486. In each of these cases there seems to be a holding, or a clear implication, to the effect that a board of education, though a governmental agency, will be subject to an action where a legislative act attempts to create such liability, or where the action of the board of education does not pertain to governmental functions. It must be kept in mind that the constitutional provisions relating to immunity of the State, and its agencies, can not be waived by the Legislature. That immunity is absolute. *Hamill v. Koontz, Tax Commissioner,* 134 W. Va. 439, 59 S. E. 2d 879; *State ex rel. Cashman v. Sims,* 130 W. Va. 430, 43 S. E. 2d 805, 172 A.L.R. 1389; *Hayes v. Town of Cedar Grove,* 126 W. Va. 828, 30 S. E. 2d 726, 156 A.L.R. 702; *Utz v. Board of Education of County of Brooke, et al.,* 126 W. Va. 823, 30 S. E. 2d 342; *Stewart v. State Road Commission,* 117 W. Va. 352, 185 S. E. 567.''

In the *Hayes* case in which this Court held, in point 5 of the syllabus, that ''A municipal corporation, organized under the laws of this State, is not liable for the negligence of its officers, agents, or servants,

occurring while they are engaged in acts directed to be performed by the governing authority of the municipality, in carrying out a purely governmental function," the opinion states that "It seems clear, therefore, that a city is not liable for the negligence of its servants and agents when, through them, it is performing a purely governmental function for the benefit of the public. *Douglass v. County Court,* 90 W. Va. 47, 110 S. E. 439; *Krutili v. Board of Education,* 99 W. Va. 466, 129 S. E. 486; *Boice v. Board of Education,* 111 W. Va. 95, 160 S. E. 566; *Webster v. Board of Education,* 116 W. Va. 395, 180 S. E. 438; and *Board of Education v. Insurance Co.,* 116 W. Va. 503, 182 S. E. 87, apply the same principle to county courts and boards of education, so long as they only engage in purely governmental activities."

In the early case of *Watkins v. County Court of Preston County,* 30 W. Va. 657, 5 S. E. 654, which has not been overruled or departed from, this Court held in point 1 of the syllabus that "A County Court is not responsible in damages, at the suit of an individual, for injuries sustained by him in consequence of the neglect of the County Court, or any of its officers, or agents, to perform any duty enjoined by law, unless such action against it was, expressly or by necessary implication, given by statute." To the same effect are the holdings of this Court in *Rader v. County Court of Roane County,* 94 W. Va. 493, 119 S. E. 479; *Douglass, Adm'r. v. County Court of Roane County,* 90 W. Va. 47, 110 S. E. 439, 22 A.L.R. 585; *Moss Iron Works v. County Court of Jackson County,* 89 W. Va. 367, 109 S. E. 343, 26 A.L.R. 319; *Corrigan v. The Board of Commissioners of Ohio County,* 74 W. Va. 89, 81 S. E. 566.

By Section 2, Article 3, Chapter 7, Code, 1931, the county court of every county is required to provide at the county seat a suitable courthouse, together with suitable offices for designated public officers and to keep them in constant and adequate repair; and by Section 5 of the same article and chapter, Code, 1931,

as amended, it is authorized to rent property for use as a courthouse. There is no statute which subjects such county court to liability for personal injuries caused by its negligence while engaged in the discharge of the duties imposed by Section 2 or in the exercise of the authority conferred by Section 5 of the foregoing statute.

The undisputed facts disclosed by the record which were considered by the circuit court are sufficient to show that the acts and the conduct of the plaintiff when and immediately before she sustained the injury of which she complains constituted contributory negligence and assumption of risk which bar recovery. This Court has consistently held in numerous cases that when the material facts are undisputed and only one inference may be drawn from them by reasonable minds the questions of negligence and contributory negligence are questions of law for the court. *Graham v. Crist,* 146 W. Va. 156, 118 S. E. 2d 640; *Brake v. Cerra,* 145 W. Va. 76, 112 S. E. 2d 466; *Workman v. Wynne,* 142 W. Va. 135, 94 S. E. 2d 665; *Daugherty v. Baltimore and Ohio Railroad Company,* 135 W. Va. 688, 64 S. E. 2d 231. It has also held that when the evidence, though conflicting as a whole, embraces uncontradicted facts and circumstances which cause the case to turn in favor of one of the parties so that a verdict adverse to such party can not stand, the court should direct a verdict in his favor. *Preston County Coke Company v. Preston County Light and Power Company,* 146 W. Va. 231, 119 S. E. 2d 420; *Mulroy v. Co-Operative Transit Company,* 142 W. Va. 165, 95 S. E. 2d 63; *Adkins v. Aetna Life Insurance Company,* 130 W. Va. 362, 43 S. E. 2d 372; *Norvell v. Kanawha and Michigan Railway Company,* 67 W. Va. 467, 68 S. E. 288, 29 L.R.A., N.S., 325. See *Tochek v. Monongahela Transport Company,* 109 W. Va. 20, 152 S. E. 776; *Smith v. Abbott,* 106 W. Va. 119, 145 S. E. 596; *Summit Coal Company v. Raleigh Smokeless Fuel Company,* 99 W. Va. 11, 128 S. E. 298; *Hicks v. New River and Pocahontas Consolidated Coal Company,* 95 W.

Va. 17, 120 S. E. 898. See also *England v. Aetna Life Insurance Company,* 285 Mich. 302, 280 N. W. 771. When the material facts, as disclosed by the record in this action based on negligence, are undisputed and only one inference may be drawn from them by reasonable minds the questions of contributory negligence and assumption of risk are questions of law for the court and, as there is no genuine issue as to any material fact to be tried by a jury, the circuit court was justified in granting the motions of the defendants for summary judgment of dismissal of the action in favor of the defendants.

In *Berry v. Atlantic Coast Line Railroad Company,* 4th Circuit, 273 F. 2d 572, an action to recover damages for the wrongful death of the plaintiff's decedent allegedly caused by the negligence of the defendants, in which a summary judgment for the defendants rendered by the District Court was affirmed, the opinion contains this pertinent language: "Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that summary judgment shall be rendered if the pleadings, depositions and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. 6 Moore, Federal Practice, ¶ 16 56.17 [42] (2d Ed. 1953), in commenting upon this rule, states that as a general proposition issues of negligence are ordinarily not susceptible of summary adjudication, but when the moving party clearly establishes that there is no genuine issue of material fact, summary judgment may be rendered." See also 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Section 1232.1, pages 106-111.

In view of the undisputed facts bearing upon the questions of contributory negligence and assumption of risk, as disclosed by the record and considered by the circuit court upon the motions for summary judgment, the position of the plaintiff would have been the

same if there had been a trial by jury in this action; for, if upon such trial the same undisputed facts had been introduced in evidence, the court would have been required, upon proper motion, to direct a verdict in favor of the defendants. Even in cases in which the trial judge is of the opinion that he should direct a verdict for one or the other of the parties on the issues involved, he should nevertheless ordinarily hear evidence and direct a verdict rather than to try the case in advance on a motion for summary judgment, *Kirkpatrick v. Consolidated Underwriters,* 4th Circuit, 227 F. 2d 228; but in the light of the undisputed facts and because of the absence of any issue of fact to be tried in this action, the refusal of the circuit court to grant the plaintiff a trial by jury was not prejudicial and did not deprive her of that right in a case in which disputed issues of fact would be involved. The summary judgment procedure provided by Rule 56 of the West Virginia Rules of Civil Procedure, that rule being practically identical with Rule 56 of the Federal Rules of Civil Procedure, does not infringe the constitutional right of a party to a trial by jury. It is not a substitute for a trial or a trial either by jury or by the court of an issue of fact, but is a determination that, as a matter of law, there is no issue of fact to be tried. 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Section 1234, page 137. See also *Sartor v. Arkansas Natural Gas Corporation,* 321 U. S. 620, 64 S. Ct. 724, 88 L. Ed. 967; *Kirkpatrick v. Consolidated Underwriters,* 4th Circuit, 227 F. 2d 228; *Pierce v. Ford Motor Company,* 4th Circuit, 190 F. 2d 910.

As this is the first case in which the application and the effect of any of the West Virginia Rules of Civil Procedure have been considered by this Court, it should be observed that a judgment of dismissal of an action under Rule 12(b) or a final summary judgment under Rule 56, rendered by a trial court is not here reviewable upon certificate but can be reviewed by this Court only upon appropriate appellate process.

The summary judgment entered by the Circuit Court of Ohio County, being free from prejudicial error, is affirmed.

*Affirmed.*