# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael E. Taccino, Sr.,**
**Plaintiff Below, Petitioner**

**vs)  No. 17-0949** (Mineral County 17-C-31)

**Forest City Residential Management, Inc.,**
**and Rose Community Management, LLC,**
**Defendants Below, Respondents**

**FILED**

**June 7, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michael E. Taccino, Sr., pro se, appeals the September 29, 2017, order of the Circuit Court of Mineral County awarding judgment as a matter of law pursuant to Rule 50(a) of the West Virginia Rules of Civil Procedure following the close of petitioner's case-in-chief. Respondents Forest City Residential Management, Inc., and Rose Community Management, LLC ("respondents"), by counsel Charles W. Peoples, Jr., filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner leased an apartment from respondents that was subsidized through the United States Department of Housing and Urban Development. According to the testimony of petitioner's sole witness at trial—respondent's property manager—petitioner lived in a building that was non-smoking in the common areas, such as, lobbies.[1] Respondent's property manager testified that "[s]moking is allowed in apartments."

Petitioner, who suffers from asthma, complained to the property manager that cigarette smoke was drifting into his apartment. Respondent's property manager testified that she investigated petitioner's complaints and "did not determine smoke smell inside [petitioner's

---

[1]Petitioner states that, by the time of the September 20, 2017, trial, he was no longer leasing an apartment from respondents.

apartment] or the hallways." Petitioner followed up that answer by asking for clarification as to whether there was cigarette smoke in the hallways. The property manager testified that "there could possibly be drifting," but answered "no" as to whether she found smoke in the hallways. Finally, petitioner inquired about a specific incident on March 17, 2017, when petitioner asked the property manager to come to his apartment. The property manager testified that she could not recall whether she told petitioner that she could smell cigarette smoke in the hallway on that occasion.

Nonetheless, petitioner submitted an application to be provided a reasonable accommodation under the Federal Fair Housing Act, 42 U.S.C. § 3601-3631 ("FFHA"), with medical documentation showing his asthmatic condition. Respondent's property manager testified that petitioner's application was approved and that respondents offered to relocate petitioner to a different apartment as a reasonable accommodation. However, the property manager further testified that respondents could not guarantee that petitioner would not be exposed to cigarette smoke given that other tenants were permitted to smoke in their apartments.

Disagreeing that relocation to a different apartment constituted a reasonable accommodation, petitioner filed suit against respondents on February 17, 2017,[2] alleging a violation of both the FFHA and West Virginia Code § 37-6-30, which codified the implied warranty of habitability.[3] As noted above, respondent's property manager was petitioner's only witness at the September 20, 2017, jury trial. Following the property manager's testimony, the circuit court inquired twice as to whether petitioner was resting his case. Petitioner responded affirmatively both times. Thereafter, respondents sought permission to make a motion. Following the jury's removal to the jury room, respondents moved for judgment as a matter of law pursuant to Rule 50(a) of the West Virginia Rules of Civil Procedure. After giving petitioner an opportunity to argue against respondents' motion, the circuit court awarded respondents judgment as a matter of law. In an order entered September 29, 2017, the circuit court found:

> The [c]ourt, having considered the [m]otion and argument in support thereof by [respondents'] counsel, considering the evidence offered by [petitioner] in a light most favorable to him and finding that the evidence adduced failed to establish a prima facie right to recovery and was not legally sufficient as a basis for a reasonable jury to find for [petitioner] on any of the issues presented, granted [respondents'] [m]otion for [j]udgment as a [m]atter of [l]aw and discharged the jury.

Petitioner now appeals the circuit court's September 29, 2017, order awarding respondents

---

[2]Petitioner initially sued Respondent Forest City Residential Management, Inc. and then filed an amended complaint to add Respondent Rose Community Management, LLC as a defendant. At trial, respondents' property manager testified that the first company was "taken over" by the second company.

[3]*See Reed v. Phillips*, 192 W.Va. 392, 395 n.5, 452 S.E.2d 708, 711 n.5 (1994).

judgment as a matter of law pursuant to Rule 50(a). In syllabus point one of *Estep v. Mike Ferrell Ford Lincoln-Mercury, Inc.*, 223 W.Va. 209, 672 S.E.2d 345 (2008), we held, in pertinent part, that "[t]he appellate standard of review for the granting of a motion for a [judgment as a matter of law] pursuant to Rule 50 of the . . . Rules of Civil Procedure is de novo." (Internal quotations and citations omitted.).

On appeal,[4] petitioner first argues that the circuit court failed to reasonably accommodate him as a pro se litigant. In *Blair v. Maynard*, 174 W.Va. 247, 253, 324 S.E.2d 391, 396 (1984), we found that "[c]ases should be decided on the merits, and to that end, justice is served by reasonably accommodating all parties, whether represented by counsel or not." Here, respondents' property manager was subpoenaed only as a defense witness. However, the circuit court directed respondents' counsel to "get in touch with [respondents' property manager and] advise her to come" to court because petitioner wanted to question her in his case-in-chief. After the property manager's testimony,[5] the circuit court inquired twice as to whether petitioner was resting his case. Petitioner responded affirmatively both times. Following respondent's motion for judgment as a matter of law, the circuit court allowed petitioner an opportunity to argue against the motion.

---

[4] Petitioner refers to numerous issues, but raises only three as assignments of error. Respondents argue that petitioner raises issues that are irrelevant as to whether the circuit court erred in granting their Rule 50(a) motion and are not adequately supported with argument and citations to the record. Based on a review of petitioner's brief and the record, we agree with respondents and decline to consider issues that petitioner only mentions in passing and/or does not support with relevant documents in his appendix. *See State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996) (stating that "[a]lthough we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal"); *State v. Honaker*, 193 W.Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994) (stating that we "take as non[-]existing all facts that do not appear in the [appendix] record and will ignore those issues where the missing record is needed to give factual support to the claim"). Therefore, we address only those three issues identified by petitioner as assignments of error: (1) whether the circuit court failed to reasonably accommodate petitioner as a pro se litigant; (2) whether the circuit court violated petitioner's right to a jury trial by granting respondents' Rule 50(a) motion for judgment as a matter of law; and (3) whether the circuit court erred in awarding respondents judgment as a matter of law following the close of petitioner's evidence.

[5] During the property manager's testimony, petitioner questioned her regarding two exhibits marked for identification. As respondents note, petitioner never asked the circuit court to admit the exhibits into evidence. In *Blair*, we cautioned that "the court must not overlook the rules to the prejudice of any party" and, "ultimately, the *pro se* litigant must bear the responsibility and accept the consequences of any mistakes and errors." 174 W.Va. at 253, 324 S.E.2d at 396; *see W.Va. Dept. of Health & Human Resources Employees Federal Credit Union v. Tennant*, 215 W.Va. 387, 394, 599 S.E.2d 810, 817 (2004) (finding that pro se litigant waived right to jury trial by (1) failing to participate in a scheduling conference; and (2) failing to express a desire for a jury trial at a pretrial conference and during the bench trial).

Therefore, based on our review of the record, we conclude that this argument lacks merit as the circuit court reasonably accommodated petitioner as a pro se litigant.

Petitioner next argues that the circuit court violated his right to a jury trial by granting respondents' Rule 50(a) motion for judgment as a matter of law.[6] Various motions for judgment as a matter of law exist under the Rules of Civil Procedure, and in syllabus point seven of *Petros v. Kellas*, 146 W.Va. 619, 122 S.E.2d 177 (1961), we held that the granting of such a motion "does not infringe the constitutional right of a party to a trial by jury[.]"[7] In *Petros*, we explained that the motion "is not a substitute for a trial or a trial either by a jury or by the court of an issue of fact, but is a determination that, as a matter of law, there is no issue of fact to be tried." 146 W.Va. at 635, 122 S.E.2d at 186. Rule 50(a)(1) provides, in pertinent part, that judgment as a matter of law may be granted during trial if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Here, the circuit court granted respondents' motion for judgment as a matter of law based on a determination that petitioner's case-in-chief failed to establish a legally sufficient basis "for a reasonable jury to find for [petitioner] on any of the issues presented." Therefore, based on our review of the record on appeal, we conclude that this argument lacks merit as the circuit court did not violate petitioner's right to a jury trial, but found that there was no issue of fact for the jury to determine.

Finally, petitioner argues that the circuit court erred in awarding respondents judgment as a matter of law following the close of his case-in-chief. In syllabus point one of *Estep*, we held, in pertinent part:

> "'[T]his court, after considering the evidence in the light most favorable to the non[-]movant party, will sustain the granting of a [judgment as a matter of law] when only one reasonable conclusion as to the verdict can be reached. But if reasonable minds could differ as to the importance and sufficiency of the evidence, a circuit court's ruling granting a [judgment as a matter of law] will be reversed.' Syllabus Point 3, *Brannon v. Riffle*, 197 W.Va. 97, 475 S.E.2d 97 (1996)." Syl. pt. 5, *Smith v. First Community Bancshares, Inc.*, 212 W.Va. 809, 575 S.E.2d 419 (2002).

223 W.Va. at 212, 672 S.E.2d at 348. Petitioner argues that respondents' property manager's testimony established his claims that respondents violated both West Virginia Code § 37-6-30, which codified the implied warranty of habitability, and the FFHA. Based on our review of the trial transcript, we disagree. We find that the property manager provided no testimony that would

---

[6]Article III, section 3 of the West Virginia Constitution guarantees the right to a jury trial in civil proceedings.

[7]We reiterated our holding from syllabus point seven of *Petros* in syllabus point one of *Jackson v. Putnam County Board of Education*, 221 W.Va. 170, 653 S.E.2d 632 (2007).

4

allow the jury to find that West Virginia Code § 37-6-30 was violated.[8]

Regarding petitioner's FFHA claim, "only accommodations that are 'reasonable' are

---

[8]West Virginia Code § 37-6-30(a) provides:

With respect to residential property:

(a) A landlord shall:

(1) At the commencement of a tenancy, deliver the dwelling unit and surrounding premises in a fit and habitable condition, and shall thereafter maintain the leased property in such condition; and

(2) Maintain the leased property in a condition that meets requirements of applicable health, safety, fire and housing codes, unless the failure to meet those requirements is the fault of the tenant, a member of his family or other person on the premises with his consent; and

(3) In multiple housing units, keep clean, safe and in repair all common areas of the premises remaining under his control that are maintained for the use and benefit of his tenants; and

(4) Make all repairs necessary to keep the premises in a fit and habitable condition, unless said repairs were necessitated primarily by a lack of reasonable care by the tenant, a member of his family or other person on the premises with his consent; and

(5) Maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, air-conditioning and other facilities and appliances, including elevators, supplied or required to be supplied by him by written or oral agreement or by law; and

(6) In multiple housing units, provide and maintain appropriate conveniences for the removal of ashes, garbage, rubbish and other waste incidental to the occupancy of the dwelling unit; and

(7) With respect to dwelling units supplied by direct public utility connections, supply running water and reasonable amounts of hot water at all times, and reasonable heat between the first day of October and the last day of April, except where the dwelling unit is so constructed that running water, heat or hot water is generated by an installation within the exclusive control of the tenant.

required." *In Re: Kenna Homes Cooperative Corp.*, 210 W.Va. 380, 387, 557 S.E.2d 787, 794 (2001). Here, petitioner wanted a guarantee that he would never be exposed to cigarette smoke. However, respondents' property manager testified that, while respondents offered to relocate petitioner to a different apartment, they could not guarantee that he would not be exposed to cigarette smoke. The property manager explained that petitioner lived in a building where tenants were permitted to smoke inside their apartments.

Petitioner argues that, in certain instances, the FFHA requires landlords to modify their policies. *See Kenna Homes*, 210 W.Va. at 386, 557 S.E.2d at 793 (citing 42 U.S.C. § 3604(f)(3)(B)). However, in *Kenna Homes*, we further found that "[t]he requirement of reasonable accommodation does not entail an obligation to do everything humanly possible to accommodate a disabled person; cost (to the defendant) and benefit (to the plaintiff) merit consideration as well." *Id.* at 387, 557 S.E.2d at 794 (Internal quotations and citations omitted.). While the cost to respondents would involve upsetting the settled expectations of the other tenants, the property manager's testimony failed to show that a change in policy would benefit petitioner. The property manager testified that she "did not determine smoke smell inside [petitioner's apartment] or the hallways" during her investigation of his complaints. Despite repeated questions from petitioner seeking clarification, the property manager never testified that she detected cigarette smoke in the hallways. Thus, according to respondents' property manager—who was petitioner's only witness—while respondents were willing to relocate petitioner to another apartment, there was no reason to change the policy that allowed other tenants to smoke inside their apartments when the building's common areas were already maintained as smoke-free zones. Therefore, we concur with the circuit court's finding that petitioner's case-in-chief failed to produce sufficient evidence to allow his FFHA claim to go to the jury. Accordingly, we conclude that the circuit court did not err in granting respondents' Rule 50(a) motion for judgment as a matter of law.

For the foregoing reasons, we affirm the circuit court's September 27, 2017, order awarding respondents judgment as a matter of law.

Affirmed.

**ISSUED:** June 7, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison